# Mapes *et al. versus* Second National Bank of Titusville.

| 80 | 163 |
| 127 | 59 |

1. In a suit by a bank against endorsers of a note discounted for the accommodation of the drawer, the affidavit of defence was that " at and before the time that defendants endorsed the note," they inquired of the cashier and one of the directors of the bank whether it would be safe for them to endorse, and that these officers informed them that they considered the drawer perfectly good, and they would be safe in endorsing ; that the officers knew the representations to be false, and that they made them to deceive defendants, who would not have endorsed but for the representations. *Held* to be insufficient.

2. Such declarations, although wilfully false, made by the officers, not in the course of their duties as officers, or agents of the bank, could not affect the bank.

3. O'Hare *v.* Second National Bank, 27 P. F. Smith 96, as to the National Currency Act, followed.

November 23d 1875. Before SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1874, No. 233.

This was an action of assumpsit brought May 21st 1874, by the Second National Bank of Titusville against George E. Mapes and T. T. Mapes, partners as Mapes Brothers.

The cause of action was the following notes, which had been discounted and were held by the plaintiffs ; the notes were discounted for Garfield's accommodation :—

" $1200.　　　　　　　Titusville, Pa., 12–19–1872.

Four months after date, for value received, I promise to pay to Messrs. Mapes Bros., or order, twelve hundred dollars, at the Second National Bank of Titusville, Pa.

　　　　　　　　　　　PAUL W. GARFIELD."

(Endorsed)

" MAPES BROS."

" $1000.　　　　　　　Titusville, April 1st 1873.

Sixty days after date, I promise to pay to the order of Messrs. Mapes Bros., one thousand dollars, at Second National Bank of Titusville, Pa., value received.

　　　　　　　　　　　PAUL W. GARFIELD."

(Endorsed)

" MAPES BROS."

The defendants filed an affidavit of defence, averring :—

" 1. That Garfield was a borrower from the plaintiff to an amount exceeding one-tenth of their capital in violation of the National Currency Act of June 3d 1864, and therefore the plaintiff's claim could not be recovered.

[Mapes *v.* Second Nat. Bank of Titusville.]

" 2. That at and before the time that defendants endorsed the first of said notes for the benefit and accommodation of said Garfield as before mentioned, which they were by him requested to do, they took the precaution before doing so to inquire of the cashier of plaintiff's bank and of one of the directors thereof, as to the financial condition of said Garfield, and whether or not it would be safe for them (defendants) to endorse for him, and were informed by said cashier and director that they considered said Garfield perfectly good financially, and that the defendants would be safe in endorsing for him; that when said representations were made by said bank officers they (the said officers of plaintiff's bank) knew they were false, and that said Garfield was then very largely indebted to said bank for borrowed money, and was insolvent and unsafe, and that it would not be safe for defendants to endorse for him, and that said false representations were made, and said large indebtedness and insolvency of said Garfield were concealed by said bank officers, in bad faith, to benefit said bank and injure and deceive defendants; and that defendants, relying on said representations, endorsed both said notes, and would not have endorsed either of them had it not been for said false and fraudulent representations made by the officers of plaintiff's bank, as above stated; that defendants went to plaintiff's bank to make said inquiries before endorsing said paper, for the reason that they knew that said notes, if endorsed by them would be negotiated in said bank, as said Garfield did all, or nearly all, his banking business in said bank, and its officers had a more full and intimate knowledge of his affairs than any other banking institution or individual known to defendants."

Judgment was entered August 7th 1874, for want of a sufficient affidavit of defence, and the damages liquidated at $2371.62.

The defendants took a writ of error and assigned for error, the entering of judgment for want of a sufficient affidavit of defence.

*Neill & Neill* and *B. J. Reid*, for plaintiffs in error, as to the second averment in the affidavit of defence, cited Lancaster Co. Bank *v.* Albright, 9 Harris 228.

*M. C. Beebe* and *R. Sherman*, for defendant in error.

Judgment was entered in the Supreme Court, November 26th 1875,

PER CURIAM.—As to the first point raised, by the affidavit of defence, that the contract sued on was illegal because it was a loan to Garfield in excess of ten per cent. of the entire capital of the bank already loaned to him, it has been decided recently by this court adversely to the plaintiffs in error, in the case of O'Hare *v.* The Second National Bank, to be reported in 27 P. F. Smith 96.

[Mapes *v.* Second Nat. Bank of Titusville.]

As to the second point, the alleged fraudulent representation of the cashier and one of the directors of the bank, the affidavit is clearly insufficient. All that is alleged is that when asked as to the financial condition of Garfield, these officers replied that they considered said Garfield perfectly good financially and that defendant would be safe in endorsing for him. How can such a declaration, not made in the course of their duties as officers or agents of the bank, even admitting it to have been wilfully false, affect their principal? It would be subversive of every well-settled principle which regulates the relation of principal and agent and the responsibility of the principal for the acts and declarations of his agent.

Judgment affirmed.