SARAH D. JONES, plaintiff in error, *vs.* WILLIAM J. JONES *et al.*, defendants in error.

1. Where the chancellor refuses to grant an injunction on the bill, answers and various depositions of witnesses, showing controversy on facts, this court will not control his discretion unless it was abused.

2. The judgment of the court in dismissing the bill, will not be reviewed on a bill of exceptions brought to this court in the summary mode provided for bringing here judgments granting or refusing injunctions.

3. There is no law which will authorize this court to cut a bill of ex-

ceptions into two parts, and try one part at this, and the other at another term of this court; the motion to do so must be denied; and as it is the right of both sides to have a speedy hearing on the injunction when brought to this court, the motion to transfer the whole bill of exceptions for return to the next term, must also be denied.

Injunctions. Practice in the Supreme Court. Before Judge BUCHANAN. Heard Superior Court. March Term, 1877.

Reported in the opinion.

LAVENDER RAY; W. H. DANIEL, for plaintiff in error.

A. H. COX; T. H. WHITAKER; B. Oliver, for defendants.

JACKSON, Judge.

1. 2. The refusal of the chancellor to grant an injunction in this case, may have been based upon conflicting depositions which were before him, and not on the bill alone. That refusal is the only judgment which we can review in this bill of exceptions, which is brought here under the summary mode provided by law on the subject of granting or refusing injunctions. This refusal to grant an injunction was made in term and during the regular session of the superior court, and the court, at the same term and time, sustained a demurrer to the bill and dismissed it; this latter judgment cannot be now considered, but it must be brought up by exceptions and writ of error from the final judgment of the court, in the usual and regular mode provided by law. The chancellor did not abuse his discretion in refusing the injunction, and we have no power to interfere unless he did.

3. In respect to the motion to return the part of the bill of exceptions which refers to the demurrer to the next term, we have but to say, that we know of no law which will allow us to cut a bill of exceptions in two parts, and hear

and pronounce judgment upon one part at this term, and upon another part at the next term. That practice would be very inconvenient and anomalous, and we are unwilling, without legislation, to inaugurate it now. The motion must be denied. Upon the dismissing the bill we pass no judgment, though we confess we cannot see much equity in it; upon the refusal to grant the injunction, we affirm the judgment.

We must also refuse the motion to make the whole bill of exceptions returnable to the next term. Both sides are equally entitled to a speedy trial and decision on the injunction part of the bill of exceptions, which is all that is now legally before us.

Judgment affirmed.