HARVEY *v.* BOWLES, sheriff, for use, etc.

1. While a bill of exceptions will lie in a case which is still pending below, "when the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto," the plaintiff in error in

such a bill of exceptions can not thereby properly bring [to this court for review interlocutory rulings or decisions made during the progress of the case in the trial court.

2. The Supreme Court will not grant an application for leave to file in the court below, as exceptions pendente lite, a copy of an original bill of exceptions, when due attention to the settled rules of practice would have rendered it unnecessary to ask for such leave ; nor will such an application be granted in any case when not presented to this court until after it has announced its judgment therein.

Submitted December 5, — Decided December 19, 1900.

Application for leave to file exceptions pendente lite.

*Hatcher & Carson,* for movant.

LUMPKIN, P. J.    The application with which we are now dealing arose in this wise: An action was brought by A. C. Bowles, sheriff, against W. T. Harvey, resulting in a verdict for the latter. He brought here for review a judgment granting the plaintiff below a new trial, and his bill of exceptions also contained an assignment of error upon an order sustaining a demurrer to portions of his answer.    He had not excepted pendente lite to that order.    Without passing upon the question presented by this particular assignment of error, we affirmed generally the judgment of the court below, on the ground that the first grant of a new trial would not be disturbed unless the verdict complained of was absolutely demanded, which was not so in the present instance.    See 112 *Ga.* 363.    After our judgment was announced, Harvey presented here an application for leave to file in the court below, as exceptions pendente lite, the official copy of the original bill of exceptions which had been retained therein, in so far as related to the special assignment of error above indicated.

1. The point presented by that assignment of error was not decided because it was not properly here.    Civil Code, § 5526; *Bank* v. *Harrison,* 68 *Ga.* 463; *Turner* v. *Camp,* 110 *Ga.* 631.

2. The application is denied, for two reasons: In the first place, the ruling in the *Harrison* case was made at the February term, 1882, of this court.    It was clear and unequivocal, and ought to have been accepted by the profession as a definite and final announcement of the rule of practice to be followed in such cases. Leave was, in that case, granted to file exceptions pendente lite ; but this was done purely as a matter of grace, and affords no reason

for further indulgence on that line.    What to do in such a case had not then been definitely settled.    Since then it has been.    The latest utterance of this court on this subject was made in the *Turner* case, April 11, 1900, and *Harvey's* case was tried in the court below several months after that date.    The able, diligent, and careful counsel of the applicant ought, with their usual vigilance, to have excepted pendente lite at the proper time, and ought not to have brought here, with an exception to the first grant of a new trial, another exception which they should have known we could not pass upon.    Upon this point see *United Glass Co.* v. *McConnell*, 110 *Ga.* 617, 618.    The other reason for denying the application is that it came too late.    After this court has heard, considered, and decided a case, it can not reasonably be asked or expected to again take up and go over the same for the purpose of dealing with an entirely new matter therewith connected to which its attention had never been called, though there was ample opportunity to do so when the case was heard.

*Application denied.    All the Justices concurring.*