## BERRYMAN v. HADEN et al.

1. Where during the pendency of an equitable petition an order was passed, declaring that a named person be made a party defendant to the case, and directing that she show cause why the relief prayed for by the plaintiff should not be granted, and further that she be served with a copy of that order and of the petition; and where the directions of the order as to service were duly complied with :  *Held,* that there was no merit in an objection filed by the person named in the order, presenting the point that she had not been duly made a party, the objection resting solely on the ground that no formal process had been issued by the clerk and served upon her.

2. While it is the right of a party to bring here for review any case, though the same be still pending in the trial court, if " the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause " as to him, it is not the right of such party to bring here for decision other rulings made in the case by the trial judge.

3. An order in a partition case, adjudicating what are the respective interests of the parties in and to the realty involved, and appointing partitioners to divide the same and make return to the court, is interlocutory and does not finally dispose of the case.

4. This court will not allow a party bringing a case here before it had gone to final judgment in the trial court to file in that court, as exceptions pendente lite, the official copy of the original bill of exceptions, when a due regard to

the settled rules of practice would have enabled such party to preserve for final review all exceptions to interlocutory rulings, by filing, at the proper time, exceptions pendente lite in the court below.

Argued January 4, — Decided February 25, 1901.

Equitable petition. Before Judge Lumpkin. Fulton superior court. January 5, 1900.

*C. J. Simmons* and *C. L. Pettigrew*, for plaintiff in error.
*W. W. Haden*, *T. F. Corrigan*, and *R. O. Lovett*, contra.

FISH, J. Haden brought an equitable petition against Cook and Sammons, for the partition of certain realty; and against certain named creditors of Cook and the sheriff of the county, for an injunction restraining them, pending the application for partition, from levying upon Cook's undivided interest in the land. He alleged that Corrigan claimed a certain portion of the land, but denied that Corrigan had any interest in it. He further alleged that Mary Berryman, from whom he, as attorney at law for Cook and Sammons, had recovered the realty (and as a result of which suit he acquired his own interest in it) was in possession of the same without any right or authority whatever, and was wholly insolvent; and prayed for the appointment of a receiver, to take possession of the land, rent it out, collect the rents, and pay out the proceeds under orders of the court. Except as to Mary Berryman, he prayed that all the persons named should be made parties defendant to the petition. The judge ordered the petition filed, that each of the defendants be served with a copy thereof, and that they should show cause before him, on a day named, why the relief prayed for should not be granted, and that until the interlocutory hearing the parties against whom injunction was sought should be enjoined as prayed for. Upon the filing of the petition, the clerk of the court attached thereto a process directed to all the persons whom the plaintiff prayed should be made parties defendant, and they were all either duly served or acknowledged service. Mary Berryman, through her attorneys at law, acknowledged service of the petition, waiving a copy thereof; and filed a demurrer to the same, upon the ground that she was no legal or proper party thereto and could not be bound by any judgment rendered in the proceeding. Subject to this demurrer, she filed an answer. The court did not pass upon this demurrer. The plaintiff amended his petition, and alleged

48

that he had ascertained, since the filing of the same, that Mary Berryman had filed of record a quitclaim deed from the defendant Sammons to her, covering his interest in the land; and prayed that she be made a party defendant, but stated that no process was prayed against her, as she had acknowledged service of the petition. Whereupon the court passed an order which, after stating the case, was in the following language: "It appearing to the court that Mary Berryman has filed for record a deed from L. M. Sammons to his interest in the land described in the petition in the above-stated case, and that the said Mary Berryman is a necessary party to this suit, it is now ordered and decreed that Mary Berryman be and she hereby is made a party defendant to said suit; and it is further ordered and decreed that said Mary Berryman be served with a copy of this order, and that she show cause before me on Saturday, December 9th, 1899, at the court-house of Fulton county in superior court room, at 9 o'clock a. m., or so soon thereafter as counsel can be heard, why the relief prayed for should not be granted as prayed for." Service of this order was acknowledged by Mary Berryman. At the subsequent interlocutory hearing, she filed a "demurrer" to this order, upon the grounds: (1) That it "is not sufficiently broad in its terms to legally make her a party defendant in said case. (2) That no process is prayed for against her. (3) That in order for this defendant to be legally made a party defendant in said case, the plaintiff must have prayed for process against her and must have procured the same to be issued and served upon her, or must have had the original process so amended as to make her a party defendant in said case, and have made it returnable to some succeeding term of the court. In other words, the plaintiff could not simply take an order making her a party defendant to the original suit and have her served with a copy of the original suit, and with the order, and thereby make her a party legally to said suit." She also adopted as a part of this "demurrer" her previous demurrer, and prayed that it should be so considered, and, subject to the demurrer, adopted her previous answer as her answer to the amended petition. At the interlocutory hearing, she also "objected to proceeding, on the ground that no process had been prayed against her or served on her, and no hearing could be had as to her until the next term of court, and that there should be a jury trial before further proceedings."

The court overruled the "demurrer" and this objection, and

proceeded to hear evidence "in the manner usual on applications for injunctions, receivers, or like applications," and then rendered a decree in which "all parties to the record" were "enjoined from selling the land described in the petition, or any part thereof, or interest therein, under any execution against Sammons & Cook, or either of them," until the final hearing of the case or the further order of the court; and five partitioners were appointed to make partition of the land, according to specific directions contained in the decree. To this judgment Mary Berryman excepted. In her bill of exceptions she alleges: "1. That the court erred in not sustaining her demurrers filed in said case, on each and every ground therein contained. 2. That the court erred in not sustaining her objections to the process issued against her, and not dismissing her from said case. 3. That the court erred in proceeding to hear said case and rendering a decree therein at the first term of the court, when, as the defendant contends, the case could not be tried until the March, 1900, term of the court. 4. That the court erred in not continuing said case to the next term of the court, and then having the same tried before a jury, as prescribed by statute. 5. Because the court erred in ordering that partitioners be appointed, and directing that they partition the land described in the petition of plaintiff, as directed in paragraph 2 of the decree of the court. (a) That said decree or portion of decree contained in said paragraph 2 was error, because the court had no jurisdiction to appoint partitioners and direct the partition of this land at the first term of the court, over the objection of defendant. (b) Because it did not appear from the evidence that the plaintiff had any title to the land sought to be partitioned. 6. Defendant says that the court erred in directing the partitioners as follows: 'In making said partition, the partitioners will charge against the interest which would be going to L. M. Sammons, or to his grantee, Mary Berryman, the lands so conveyed away, or their value, so that, in the making of the partition, such lands, or their value, shall be treated as part of those set aside to that interest, or shall be charged against Mrs. Mary Berryman as taker of the interest which would be set aside to her.' Defendant says that this portion of the decree is error, because, construing said contract most favorably to the plaintiff, he would only be entitled to a certain portion of the recovery. If no recovery, he should have no part of the land, and if the recovery was for

less than the whole, he would not be entitled to any greater amount than his proportion of that recovery. 7. Defendant contended and contends now that the plaintiff only had a contract for fees which could be enforced as a lien upon the land, if at all."

1. The first assignment of error is, that the court erred in not sustaining the "demurrer," and the second is, that the court erred in not sustaining Mary Berryman's "objections to the process issued against her and not dismissing her from said case." It is apparent from the "demurrer" that the only question clearly and explicitly raised thereby was, whether or not Mary Berryman could be, without her consent, made a party defendant to the case, without any process directed to her being duly attached by the clerk of the court to the petition and legally served upon her. The demurrer to the petition before it was amended was, "that she is no legal or proper party to said proceeding, and she can not be bound by any judgment rendered by the court in said proceeding." This first demurrer was not passed upon by the court, and it was subsequently made a part of the demurrer to the amended petition. Standing alone, this paragraph of the demurrer is very general and very obscure. It does not indicate upon what ground, or grounds, it is claimed that "she is no legal or proper party to said proceeding, and . . can not be bound by any judgment rendered by the court in said proceeding, either interlocutory or final." Certainly, under the allegations of the petition as amended, it was proper to make her a party to the petition; for, according to these allegations, she had acquired the title of one who was alleged in the original petition to be a part owner of the land, taking from him a quitclaim deed, which she had had placed upon record. The judge below construed this language, in the first demurrer, to mean that "she was not a party, as process was not prayed against her, nor waived," for, in an explanatory note to the bill of exceptions, he says: "A rule nisi was issued, and when the hearing came on, the defendant, Mary Berryman, had filed a demurrer raising the point that she was not a party, as process was not prayed against her, nor waived." Doubtless the judge got this construction of the meaning of the language employed in the first demurrer from the contention of counsel for Mary Berryman when the case first came up for a hearing, for the language of the demurrer, as we have said, does not indicate why she claimed she was not a legal and proper party to the proceeding. This ground of the

demurrer, standing alone, would be too general and its meaning too vague to properly raise any question for determination by the court. When, however, the demurrer becomes sufficiently definite and distinct as to its meaning to show upon what grounds it is claimed that Mary Berryman is not a proper and legal party to the proceeding, it is evident that the only grounds are, "that no process is prayed against her," and "that in order for this defendant to be legally made a party defendant in said case, plaintiff must have prayed for process against her and must have procured the same to be issued and served upon her, or must have had the original process so amended as to make her a party defendant in said case, and have made it returnable to some succeeding term of the court." We are of opinion that the court did not err in overruling the "demurrer." It was not necessary, in order to make Mary Berryman a party defendant to the petition, that process should be prayed against her, and then issued and served upon her. Section 5019 of the Civil Code provides that, "when for any cause it becomes necessary or proper to make parties, the judge shall cause a rule nisi to be prepared, signed by him, either in term or vacation, calling on the person to show cause why he should not be made a party, the answer to which rule shall be heard in term or in vacation." The "demurrer" did not raise the question that the order of the court making Mary Berryman a party defendant failed of its purpose because the requirements of this section of the Civil Code had not been complied with. Had it done so, a very different question would have been presented for determination. As it is, the grounds upon which the "demurrer" rested were not tenable, and, for this reason, the "demurrer" was properly overruled. The objection urged at the hearing "to the case being tried as against her, upon the grounds, that no process had been prayed against her, and no process issued against her, and that she had not waived process, and therefore was not a legal party defendant to this suit," and the oral motion "to be dismissed from this suit," were but an attempt to raise, in a different mode, the same questions made by the "demurrer."

2, 3. We have considered the questions raised by the demurrer, because if the demurrer were sustained it would be, as to the plaintiff in error, a final disposition of the case. The other assignments of error are prematurely here, because they relate to matters which

were purely interlocutory, and which, therefore, can not be considered by this court so long as the case is pending in the court below. Civil Code, § 5526; *Mechanics' Bank* v. *Harrison,* 68 *Ga.* 463; *Turner* v. *Camp,* 110 *Ga.* 631; *Harvey* v. *Bowles,* ante, 421. It requires no argument to demonstrate that there is no final judgment in a suit for partition until the partition prayed for has either been granted or refused. All matters which are merely preliminary and preparatory to the final hearing are simply interlocutory. An order of the court adjudicating what are the respective interests of the parties in and to the realty involved, and appointing partitioners to divide the same in accordance therewith and make return to the court, is merely interlocutory. It was necessary for these preliminary matters to be settled before any division of the land could be made by the partitioners; and until this division has been made and the partitioners have filed their report in court, and the judgment of the court upon the merits of the case has been rendered, the case is, of course, still pending in the trial court, awaiting its final determination.

4. Counsel for plaintiff in error asked for leave, in the event this court held that the rulings of the court below, other than the judgment upon the demurrer, were prematurely brought here for review, to file in the lower court, as exceptions pendente lite, the official copy of the original bill of exceptions. For the reasons stated in the opinion of the court, delivered by Presiding Justice Lumpkin, in *Harvey* v. *Bowles,* supra, this application is denied. A due regard by counsel for the settled rules of practice would have enabled the plaintiff in error to preserve for final review all exceptions to interlocutory rulings, by filing, at the proper time, exceptions pendente lite in the court below.

*Judgment affirmed. All concurring, except Cobb, J., absent.*