## 3165.   CARR *v.* ROUNTREE.

POWELL, J.   1. Irrespective of whether the court had any power to set aside the judgment and open up the default, the refusal to do so was not erroneous, in the light of the fact that the defense which was tendered in connection with the motion to vacate the judgment and open the default was not a meritorious defense.

2. R. sued C. upon a check (upon which payment had been refused) made by C. and payable to F., and indorsed by F. to R.   C. attempted to set up as a defense that, while he and F. were in company with a party of ladies, the attorney of R. made a demand upon F. for payment of a sum of money which he claimed was due by F. to R., and threatened to have F. arrested unless the sum was paid; that the transaction out of which the alleged indebtedness grew was more than thirteen years old; that R. finally agreed to take $500 in settlement of his claim; that C., seeing the plight of his guest, gave him this check that he might pay the $500; that the check was without consideration, and that, if it represented any debt at all, even as between F. and R., it represented a debt which was barred by the statute of limitations. *Held*, that no valid defense was asserted. As between F. and R., the settlement of the disputed claim was a sufficient consideration. F.'s privilege of pleading the statute of limitations, even if the plea would have been good, was personal to him, and could not be exercised by C.; the fact that C. was dunned for the debt while in the presence of ladies, and was threatened with arrest if the debt was not paid, was not (at least in the absence of other allegations) adequate to show fraud; and, even if duress existed as against F., C. can not plead it.

*Judgment affirmed.*

DECIDED JUNE 7, 1911.

Motion to open default; from city court of Atlanta—Judge Reid. November 19, 1910.

*J. S. & M. N. Reynolds, Moore & Pomeroy,* for plaintiff in error.
*Anderson, Felder, Rountree & Wilson,* contra.