### 8287. TURNER v. STRAUSS-EPSTEIN COMPANY.

JENKINS, J. 1. Unless there has been a final determination of the case in the court below, a writ of error will not lie to an order striking a plea, even though the effect of such order may be to entitle the plaintiff to a judgment or verdict as matter of course (*Johnson* v. *Battle,* 120 *Ga.* 649, 48 S. E. 128); and even where it appears that final judgment has in fact been rendered, in order that exception may be taken to the sustaining of a demurrer followed by the striking of defendant's plea, error must also be assigned on the final judgment rendered. *McCranie* v. *Shipp,* 10 *Ga. App.* 544; *Lyndon* v. *Georgia Ry. & El. Co.,* 129 *Ga.* 353.

2. Under the rule announced in *Harvey* v. *Bowles,* 112 *Ga.* 422 (37 S. E. 364), this court in such case will not grant an application for leave to file in the court below, as exceptions pendente lite, a copy of the original bill of exceptions, where it appears that the answer as amended is without merit.

3. The agreement set up by the plea, that the payee of the note obligated himself not to bring suit thereon, should have been in writing, in order to furnish a valid defense as a covenant equivalent to release within the meaning of section 4308 of the Civil Code of 1910. *Mansfield* v. *Barker,* 59 *Ga.* 851; *Dendy* v. *Gamble,* 59 *Ga.* 434; *Dinkler* v. *Baer,* 92 *Ga.* 432 (17 S. E. 953); *Johnson* v. *Cobb,* 100 *Ga.* 139 (28 S. E. 72); *Lunsford* v. *Malsby,* 101 *Ga.* 39 (28 S. E. 496); *Marietta Savings Bank* v. *Janes,* 66 *Ga.* 286; *Crooker* v. *Hamilton,* 3 *Ga. App.* 190 (59 S. E. 722). Under the ruling made in *Johnson* v. *Cobb,* supra, it would

seem that the plea itself should show that such agreement was in writing; but, however this may be, a fair interpretation of the amended plea shows that such was not the case, and that the defendant relied upon a contemporaneous parol agreement never to sue. The plea of failure of consideration was but an amplification of the defense already referred to; and the additional plea, alleging that such stipulation was omitted from the writing by fraud practiced upon the defendant by the payee, does not meet the requirements of law as laid down by numerous decisions of the Supreme Court and of this court. See *Hart* v. *Waldo,* 117 *Ga.* 590 (43 S. E. 998), and cases therein cited.

*Writ of error dismissed. Broyles, P. J., and Bloodworth, J., concur.*

· Decided August 3, 1917.

Complaint; from DeKalb superior court—Judge Smith. June 10, 1916.

*Paul L. Lindsay,* for plaintiff in error.

*Foster & Stockbridge,* contra.