### 10082.  JONES v. SOUTHERN MORTGAGE COMPANY.

The extension granted by the creditor in taking the joint promissory note of the defendants for the antecedent debt of one of them was sufficient consideration to support the promise of the other.

DECIDED APRIL 16, 1919.

Complaint; from Burke superior court—Judge H. C. Hammond. June 29, 1918.

*C. B. Garlick,* for plaintiff in error.

*E. V. Carter, Brinson & Hatcher,* contra.

WADE, C. J. The Southern Mortgage Company brought suit against R. P. Jones and T. D. Jones upon a joint promissory note, and also foreclosed a mortgage given by T. D. Jones to secure the payment of the note. R. P. Jones did not defend against the note, and default judgment was taken against him. T. D. Jones filed a defense. The two suits were, by agreement of counsel, tried as one. The defense interposed by T. D. Jones was twofold: (1) that the instruments were signed by him to settle or prevent a threatened criminal prosecution against R. P. Jones; and (2) that both instruments, so far as he was concerned, were without any consideration whatsoever. The case was submitted to a jury, and the verdict was in favor of the plaintiff. Counsel for the plaintiff in error, in his brief, insists only upon that ground of the motion for a new trial which complains that the court erred in failing to charge the law applicable to the defense of failure of consideration.

The instruments sued upon being under seal, the law presumes a consideration (Civil Code of 1910, § 4241) ; and this presumption was not rebutted by the defendant. To the contrary, he admitted in his answer and in his evidence that there was a consideration for both the note and the mortgage, to wit, that his brother was indebted to the plaintiff in the amount sued for, and that this indebtedness was extended on account of the note and mortgage executed by him. "An extension of time by a creditor to his principal debtor is a sufficient consideration to support the indorsement of a note renewing the original debt. The court committed no error in striking defendant's pleas and in directing a verdict against him." *Hollingshead* v. *American National Bank of Macon,* 104 *Ga.* 250 (2) (30 S. E. 728). See also, in this connection, *Carr* v. *Rountree,* 9 *Ga. App.* 393 (71 S. E. 589). The defense of failure of consideration not being sustained by the proof, the court did not err in failing to charge on this subject.

*Judgment affirmed.    Jenkins and Luke, JJ., concur.*