10922, 10923.   HINES, director-general, v. JOLLY.
10924, 10925.   HINES, director-general, v. KELLEY.

Permission to withdraw the bill of exceptions and file it in the court below as exceptions pendente lite will not be granted where due service of the bill of exceptions was not made or waived and where the only reason given for this omission is "inadvertence" on the part of the plaintiff in error.

DECIDED OCTOBER 4, 1919.

Motion for withdrawal of bill of exceptions, etc.

McDaniel & Black, for movant.   Colquitt & Conyers, contra.

BROYLES, P. J. In each of the above cases the plaintiff in error filed a petition in which he asked this court to grant him permission to withdraw his bill of exceptions and to direct that the official copy of the same of file in the clerk's office of the trial court be treated as exceptions pendente lite. In each case the bill of exceptions assigned as error the overruling of the defendant's motion to transfer the case to the Federal court, and the reason assigned in the petition for the request made was that "through inadvertence" the plaintiff in error had failed within the proper time to have counsel for the defendant in error acknowledge service of the bill of exceptions, and that in the subsequent acknowledgement of service by such counsel the right to move for the dismissal of the bill of exceptions for lack of service within the proper time was specifically reserved. The petition to this court was dated October 1, 1919, and showed that the judgment of the lower court which was excepted to was rendered on September 8th, 1919, and consequently that the thirty days in which the plaintiff in error had the right to apply for a bill of exceptions had not expired.

As the only reason given in the petition as to why the acknowledgment of service of the bill of exceptions was not secured from counsel for the defendant in error was "inadvertence," the petition is denied. Counsel for the plaintiff in error by proper diligence could have perfected service of the bill of exceptions within the time required by law, and thereby have rendered their petition to this court unnecessary. See, in this connection, *United Glass Co.* v. *McConnell,* 110 *Ga.* 617 (36 S. E. 58) ; *Ross* v. *Mercer,* 115 *Ga.* 353, 355 (41 S. E. 594) ; *Harvey* v. *Bowles,* 112 *Ga.* 421 (2) (37 S. E. 64) ; *Berryman* v. *Haden,* 112 *Ga.* 752 (4) (38 S. E. 53) ; *Farmers & Merchants Bank* v. *Burwell,* 120 *Ga.* 540 (2), 542 (48 S. E. 145) ; *Savannah Electric Co.* v. *Tuck,* 132 *Ga.* 48 (2), 50 (63 S. E. 800).

In *Harker* v. *State,* 6 *Ga. App.* 774 (65 S. E. 963), cited by counsel for the plaintiff in error in support of their petition, the decision states that the bill of exceptions was certified and service of the same acknowledged on June 12, but that the bill was not filed in the office of the clerk of the trial court until June 30. This court dismissed the writ of error, but held as follows: "Upon the special facts shown, the court grants the application of the

plaintiff in error for a direction that the official copy of the bill of exceptions, of file in the office of the clerk of the trial court, shall operate as exceptions pendente lite." The special facts referred to are not stated in the decision, but an examination of the original record in that case and of the documents therein of file in the office of the clerk of this court shows that counsel for the plaintiff in error submitted to this court an affidavit, made by him, in which he stated that the bill of exceptions "was actually filed with the clerk of the city court of Richmond County, Georgia, by Austin Branch, attorney for the plaintiff in error," but that through some mistake or inadvertence, or by reason of the said bill of exceptions being mislaid or misplaced *without any fault or neglect on the part of the plaintiff in error or his counsel,* the said bill of exceptions was not marked filed until June 30." (Italics ours.)

*Petition denied. Bloodworth and Stephens, JJ., concur.*