11023.  FLOYD *v.* MASSACHUSETTS MILLS IN GEORGIA.

JENKINS, P. J.  1. It is the duty of a reviewing court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.  *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857); *Tillman* v. *Groover,* ante, 118 (102 S. E. 879).

2. Except in case of fast writs, appellate courts have no jurisdiction to consider a writ of error until after a final judgment in the court below, or unless a judgment such as the plaintiff in error contends should have been rendered instead of the one complained of would have been a final judgment.  Park's Code, § 6138.  Therefore a writ of error will not lie to an order overruling the plaintiff's demurrer to the plea of the defendant, where it does not appear that a final judgment has been rendered and exception taken thereto.  *Johnson* v. *Battle,* 120 *Ga.* 649 (48 S. E. 128); *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892); *Turner* v. *Strauss-Epstein Co.,* 20 *Ga. App.* 735 (93 S. E. 234); *Carhart* v. *Mackle,* 22 *Ga.* 520 (96 S. E. 591).

3. The exceptions in this case being taken merely to the action of the trial judge in failing to sustain the plaintiff's demurrer interposed to the plea of the defendant, and it not appearing that any final judgment has been entered in the case and that exception has been taken thereto, the bill of exceptions in this case must be dismissed.  The plaintiff in error is, however, granted leave, should he desire to do so, to file his bill of exceptions as exceptions pendente lite in the case.  Park's Code, §§ 6205, 6154.

*Writ of error dismissed, with direction.  Stephens and Smith, JJ., concur.*

DECIDED JULY 19, 1920.

Revival of judgment; from city court of Floyd county — Judge Nunnally.  October 9, 1919.

*Judson Andrews, L. L. Meadors,* for plaintiff in error.

*Maddox & Doyal,* contra.