*B. J. Fowler,* for plaintiff.

*Marlin, Martin & Snow,* for defendant.

---

17363. SEABOARD AIR LINE RAILWAY CO. *v.* SARMAN.

Under the rulings of the Supreme Court in *English* v. *Rosenkrantz*, 150 *Ga.* 745 (105 S. E. 292), and *City of Tallapoosa* v. *Brock*, 143 *Ga.* 599 (85 S. E. 755), where to a suit the defendant files a plea of res adjudicata which is submitted to the trial judge for determination upon an agreed statement of facts without the intervention of a jury, a judgment in favor of the plaintiff, to the effect that the plea be not sustained, is not such a judgment as can be excepted to in a direct bill of exceptions. There being, under the above authorities, no final judgment and no judgment which would have been a final disposition of the cause "if it had been rendered as claimed by the plaintiff in error" (Civil Code, § 6138), this court is without jurisdiction to pass upon the writ of error, and it must be dismissed. See further, in this connection, *Johnson* v. *Merchants & Farmers Bank*, 141 *Ga.* 721 (81 S. E. 873); *Johnson* v. *Battle*, 120 *Ga.* 649 (2) (48 S. E. 128); *Smith* v. *Leverette*, 18 *Ga. App.* 582 (89 S. E. 1094); *Floyd* v. *Massachusetts Mills*, 25 *Ga. App.* 519 (2) (103 S. E. 801); *Samson Tractor Co.* v. *Furlong*, 28 *Ga. App.* 659 (112 S. E. 903); *Payne* v. *American Surety*

Appeal and Error, 3 C. J. p. 433, n. 7; p. 461, n. 59; p. 610, n. 7; 4 C. J. p. 580, n. 28.

*Co.*, 30 *Ga. App.* 127 (117 S. E. 275); *Chatham Motor Co.* v. *Lincoln Motor Co.*, 31 *Ga. App.* 229 (2) (120 S. E. 444).

DECIDED FEBRUARY 14, 1927. REHEARING DENIED FEBRUARY 26, 1927.

Damages; from Camden superior court — Judge Highsmith. February 13, 1926.

*C. B. Conyers,* for plaintiff in error.

*Reuben R. & Lowry Arnold, E. C. Hill, B. A. Atkinson,* contra.

BELL, J. In this case the defendant filed a plea of res adjudicata, which was submitted to the trial judge for determination without the intervention of a jury, upon an agreed statement of facts. The judge, upon a consideration of the pleadings and the agreed facts, ordered "that said plea be not sustained and that judgment be and it is hereby rendered in favor of the plaintiff upon said plea." The defendant has brought the case to this court, assigning error upon this judgment. There were no other proceedings in the court below.

Although there has been no motion to dismiss the bill of exceptions, yet, the judgment complained of not being, in the light of the decisions, such a judgment as could be excepted to directly, this court is without jurisdiction to pass upon the merits of the writ of error, and in such a case should dismiss the writ of its own motion. *Floyd* v. *Mass. Mills,* 25 *Ga. App.* 519 (1) (103 S. E. 801); *Teasley* v. *Cordell,* 153 *Ga.* 397 (112 S. E. 287). Under the record, the only judgment which we can render is a judgment of dismissal.

*Writ of error dismissed. Jenkins, P. J., and Stephens, J., concur.*

### ON MOTION TO AMEND JUDGMENT OF DISMISSAL.

The plaintiff in error by its counsel has moved that this court amend the judgment of dismissal in this case so as to provide that the official copy of the bill of exceptions of file in the office of the clerk of the trial court shall operate as exceptions pendente lite. It seems that according to the precedents the motion should be denied. See *United Glass Co.* v. *McConnell,* 110 *Ga.* 616 (2) (36 S. E. 58); *Harvey* v. *Bowles,* 112 *Ga.* 421 (2) (37 S. E. 364); *Berryman* v. *Haden,* 112 *Ga.* 752 (4) (38 S. E. 53); *Thomasville Iron Works* v. *Clark,* 16 *Ga. App.* 537 (2) (85 S. E. 674); *Hines* v. *Jolly,* 24 *Ga. App.* 201 (100 S. E. 638). Before rendering the judgment dismissing the writ of error, we considered the question

of whether we should grant to the plaintiff in error the leave which it asks by the present motion, and thought that in view of the authorities it would not be proper to do so. We are still of that opinion. *Motion denied. Jenkins, P. J., and Stephens, J., concur.*