## 24004. JOHNSON v. FIRST NATIONAL BANK OF SHELLMAN.

GUERRY, J. The First National Bank of Shellman brought suit against A. H. Johnson on two promissory notes executed to it by the defendant. Defendant entered a general denial and also set up in his answer the special defense that the plaintiff had agreed to sell certain collaterals given in connection with the notes sued on, so as to hold defendant harmless, and that plaintiff had breached its agreement by failure to do so, thereby damaging him in the amount sued for; which defense was stricken by the judge on demurrer, thereby leaving only a general denial to the suit. The defendant in his bill of exceptions assigns error on the judgment sustaining the plaintiff's demurrer and dismissing his plea, reciting that "the said order and judgment of the court sustaining said demurrer and striking the defendant's plea and answer was a final disposition of said case as to the defendant." No further judgment was taken in the case. *Held:* "Unless there has been a final termination of the case in the court below, a writ of error will not lie to an order striking a plea, even though the effect of such order may be to entitle the plaintiff to a judgment or verdict as matter of course" (*Johnson* v. *Battle,* 120 *Ga.* 649, 48 S. E. 128; *Payne* v. *American Surety Co.,* 30 *Ga. App.* 127, 117 S. E. 275; *Bozeman* v. *Ward-Truitt Co.,* 141 *Ga.* 45, 80 S. E. 320; *Lang* v. *Hall,* 25 *Ga. App.* 118, 102 S. E. 877; *Thomas* v. *Berry,* 151 *Ga.* 7, 105 S. E. 478; *Bateman* v. *Gamble & Company,* 36 *Ga. App.* 782, 138 S. E. 255; *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512, 94 S. E. 892; *Hall* v. *Glass & Smith,* 25 *Ga. App.* 710, 104 S. E. 512; *Turner* v. *Strauss-Epstein Co.,* 20 *Ga. App.* 735, 93 S. E. 234; *Chatham Motor Co.* v. *Lincoln Motor Co.,* 31 *Ga. App.* 229, 120 S. E. 444; *Turner* v. *Camp,* 110 *Ga.* 631, 36 S. E. 76; *Amos* v. *Continental Trust Co.,* 22 *Ga. App.* 348, 95 S. E. 1025) ; and while there has been no motion to dismiss the bill of exceptions, yet "the judgment complained of not being, in the light of the decisions, such a judgment as could be excepted to directly, this court is without jurisdiction to pass upon the merits of the writ of error, and in such a case should dismiss the writ of error of its own motion. *Floyd* v. *Mass. Mills,* 25 *Ga. App.* 519 (103 S. E. 801) ; *Teasley* v. *Cordell,* 153 *Ga.* 397 (112 S. E. 287)." *Seaboard Air Line Ry. Co.* v. *Sarman,* 36 *Ga. App.* 448 (136 S. E. 920). See also *Welborne* v. *State,* 114 *Ga.* 793 (40 S. E. 857).

*Writ of error dismissed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 2, 1934.

*George H. Perry,* for plaintiff in error. *James W. Harris,* contra.