### 473. CROOKER *v.* HAMILTON *et al.*

1. The evidence authorized the verdict as to all of the defendants, but a verdict in favor of one of them was not demanded by the evidence. Error being specially assigned on the fact that the court directed the finding of the jury, the judgment refusing a new trial as to that defendant must be reversed. There was no error in refusing a new trial as to the other defendants.

2. The agreement never to sue another upon his written obligation must be in writing, in order to be a covenant equivalent to a release, within the meaning of the Civil Code, § 3714, unless made subsequently to the original undertaking and upon a new and independent consideration.

3. Parol evidence is inadmissible to vary the terms of payment or the date of the maturity of a promissory note, or to engraft upon the note a provision for an extension of time.

4. Parol evidence is admissible not only when a promissory note is obtained by fraud, but when the note is not the entire contract between the parties, and when the contract is partly in parol and partly in writing. Where the sole consideration of a promissory note is an agency to sell a patent right and articles patented thereunder, parol evidence is admissible, not only to show the real value or worthlessness of the power of sale evidenced by such contract, but also, when it is pleaded that the note was obtained by fraud, to present to the jury all such facts and circumstances as tend to establish that defense.

Complaint, from city court of Baxley—Judge Thomas. April 17, 1907.

Submitted October 14,—Decided December 9, 1907.

*V. E. Padgett,* for plaintiff.

*W. W. Bennett, Parker & Moore,* for defendants.

RUSSELL, J. Crooker brought suit upon a promissory note, against John Hamilton and Willie Hamilton. The note sued upon

was given for a patent right, and it so appears in the face of the note. The defendants filed a plea of fraud in the procurement of the note and of failure of consideration, the plea averring that the consideration of the note was a patent right for a certain clothes washer, and that the thing patented, and therefore the patent right, was absolutely worthless. The plea alleged other grounds of failure of consideration. The defendants further alleged in their plea a contemporaneous verbal agreement that the note would never be sued on. The original petition of the plaintiff made no reference to the consideration of the note, but by amendment the plaintiff set up as a consideration the contract by which there was conveyed to the defendants the privilege of selling family rights and minor, standard, special, and patentee's agency of the "Swift 1904 Clothes Washer." The privilege was not confined to any territorial limits less extensive than the face of the earth (unless some like purchaser had previously pre-empted a county by occupancy); and in addition, the purchasers were granted the right of appointing two subagents. The plaintiff also, by amendment, attached as an exhibit to his petition a statement of W. J. Hamilton, admitting that he had received full and complete instructions as to the operation of the washer and that all the other requirements of the contract had been fully complied with. The note which was the basis of the suit was dated September 9, 1905, and the contract of sale was of the same date. The statement of Willie Hamilton bore date of October 4, 1905. At the conclusion of the testimony the court directed a verdict for the defendants; and exception is taken to the order of the court refusing a new trial.

1. We think that the judgment of the trial judge, as a matter of law, is partly right and partly wrong. The only material error is presented in the 11th ground of the motion for new trial, which excepts to the direction of the verdict by the judge. If the plaintiff in error had not assigned error specially upon the fact that the verdict was directed instead of having been found by the jury, we should affirm the judgment as a whole, under the rulings in *Dickinson* v. *Stults,* 120 *Ga.,* 632 (48 S. E. 173), and *Shipley* v. *Eiswald,* 54 *Ga.* 520.

The pleas of the defendant John Hamilton were fully supported by evidence which was uncontradicted. No verdict could legally have been found in favor of the plaintiff against him, and hence

there was no error in directing the verdict in his favor. While the suit was brought against Moody as an indorser, and his name appears as such upon the copy note attached to the declaration, and while the defendant Hamilton admitted the execution of the note, the defendant Moody did not admit indorsing it. On the contrary, he testified emphatically that Crooker, the plaintiff, was present when the note was executed and it was delivered to him; that he was only an agent of Crooker in taking the note, for the purpose of turning it over to him, and that he never had any interest whatever in it. He further unequivocally denied that he ever indorsed the note or authorized any one to indorse it for him, or ever agreed to pay it. The admissions of the Hamiltons as to the note could not affect Moody, and in view of the fact that the evidence in support of his plea was uncontradicted, and that the original note, if it shows to the contrary, was not introduced, a verdict in his favor was demanded.

The evidence in behalf of Willie Hamilton would have authorized a finding in his favor, but it was contradicted by his admission in writing, subsequently to the note and the contract of purchase, that he had received full consideration. In certain events, he might be estopped from setting up failure of consideration against the plaintiff. Greenhood on Pub. Policy, Rule 10. His testimony as to the circumstances under which the admission was made raised an issue of fact, and the judge erred in himself deciding this issue instead of submitting it to the jury. As the case must for this reason be returned for another trial as to the defendant Willie Hamilton, and although such errors as are assigned in: the remaining grounds are not sufficiently grave to warrant a. new trial, we will proceed to deal with the other grounds of the amended motion for new trial.

2. The plaintiff's objection to certain parol evidence, as contained in the 1st and 6th grounds of the amendment to the motion for new trial, was well taken, though the verdict could be sustained without reference to this testimony. The testimony objected to is that the plaintiff had agreed never to sue upon the note or contract. This testimony should have been excluded. It sought to engraft upon the note a condition contradictory to its terms. The admission of this evidence was violative of section 5201 of Civil Code. Counsel for the defendants in error insist that the contem-

poraneous verbal agreement made by the plaintiff at the time of the execution of the note sued on,—that if the defendants would execute the note he would never sue on it,—was binding on the plaintiff and acts as a release of the defendants from liability on the note, and that it is not necessary that the contemporaneous agreement not to sue should be in writing. We agree with counsel to this extent, that "a covenant never to sue is equivalent to a release; so also a bond to indemnify the debtor against his own debt." Civil Code, § 3714. But we are compelled to hold, under all the prior adjudications upon this subject in this State, that an agreement or "covenant" made anterior to or contemporaneously with the contract must be in writing, to be equivalent to a release. Perhaps this has not been expressly held in terms, but in all the cases where the question has been raised it plainly appears that the agreement was in writing, except in *Manley* v. *Ayers, 68 Ga.* 508; and even in that case a bond was entered into by Dorough, with Manley and others as securities, which appears to have been the basis for the ruling. In *Marietta Savings Bank* v. *Janes, 66 Ga.* 286, the covenant was in the form of a letter written by the payee to the maker previous to the execution of the note. It was held that the agreement (in writing) was in effect a covenant never to sue. In *Martin* v. *Monroe, 107 Ga.* 332 (32 S. E. 62), there was a written agreement between the parties, which was held to amount to a release, because the two papers were executed contemporaneously and the obligation never to sue was utterly inconsistent with an obligation to pay.

3. The evidence objected to in the 3d ground of the motion was objectionable for the same reason as that of which complaint is made in the first. The testimony that the plaintiff told one of the makers that if they could not pay the note when it became due, he would extend it, tended to alter the terms of the note. The verdict, however, did not depend upon release of the defendants or failure of the plaintiff to comply with a promise to extend the note. The plea of failure of consideration was fully supported by the evidence uncontradicted, as to John Hamilton, and Moody's plea was undisputed; so that these errors were really immaterial.

4. The 2d, 4th, 5th, 7th, 8th, 9th, and 10th grounds of the motion for new trial are each assignments of error upon rulings of the court in admitting or in refusing to exclude, upon motion,

testimony in support of the defendants' plea of failure of consideration. In our opinion there is no merit in any of these grounds. The theory of the counsel for the plaintiff in the court below and defendant in error here appears to be that parol evidence as to the consideration of the note was inadmissible, because the contract for the sale of the property in question was in writing; and further, that parol evidence in reference to the written admission of Willie Hamilton was inadmissible, because that admission was in writing. It must be borne in mind that the note is the basis of the suit, and not the contract or the written admission. There is no evidence of debt in the contract introduced by the plaintiff. The plaintiff's rights depend upon the note, because the contract in express terms admitted that all of the rights conveyed by it had been fully paid for by Hamilton. Nothing could be recovered by virtue of the contract, unless for a breach of some of its provisions with reference to the agency. The contract and the agreement, though both in writing, were at last nothing but evidence upon the subject of the consideration of the note. So far as the contract is concerned, it was merely evidence as to what was the consideration of the note. When the defendants pleaded that the note was without consideration, the plaintiff, by amendment, replied, "There was consideration, and here it is: I sold you certain valuable rights mentioned in this contract." None of the parol evidence offered by the defendants and admitted by the court tended in any wise to vary the terms of the note. It was all of it addressed solely to the consideration. And the contract could subserve no purpose in the suit on the note except to support the plaintiff's contention that there was consideration. The written admission of Willie Hamilton was not in any sense a contract or such an instrument as is referred to in section 5201 of the Civil Code. It was nothing more or less than an admission by one of the defendants (which it was perfectly proper for the plaintiff to introduce) that he had received consideration for the note in question. It was not an admission in judicio. The character and effect of this evidence was not altered because the admission was in writing instead of resting in parol. Unless denied or explained to the satisfaction of the jury, it might estop the defendant who made such admissions from setting up failure of consideration, or impeach him as a witness before the jury. But it was competent for him either to deny its

execution or explain the circumstances under which the admission was made. It can not be denied that if Crooker had purposely gotten Hamilton drunk to induce his signature, the admission would be worthless as evidence. The case is not altered if the fraud be otherwise perpetrated. There were two issues properly raised in the case,—fraud in the procurement of the note and of the contract for which the note was given, and failure of consideration. And as affecting the consideration of the note sued on, parol evidence was admissible as to both these issues. If the note was without consideration, the defendants had the right to show it by parol. This is as well settled as anything can be. If, on the other hand, the note was fraudulently procured and is not the entire contract, or if the contract of agency to sell a clothes washer (which is the only consideration for the note that appears in the record) was partly written and partly oral, parol testimony can be resorted to, to completely present the contract to the jury. See *Epps* v. *Waring,* 93 *Ga.* 765 (20 S. E. 645). It is not disputed that John Hamilton is illiterate and unable to read or write, and that the contract was not read to him by any one. In addition, the evidence of total failure of consideration as to him was also uncontradicted. The contract for the clothes washer was only evidence of what he got for his note, and the defendants had the right to show that that something was worthless; and as one of the means of proving that the agency and right to sell was worthless, they could show, in the manner allowed by the court, that the article to be sold was itself worthless. If part of the consideration of the note they had given was a promise to furnish certain things besides those put in writing, so that the contract was partly in writing and partly in parol, they could show that. See *Byrd* v. *Campbell Co.,* 94 *Ga.* 48 (20 S. E. 253). There was no error in directing the verdict as to John Hamilton and Moody; and the judgment refusing a new trial, in so far as they are concerned, is affirmed. The issue raised between the testimony in behalf of the defendants on the subject of failure of consideration, and the admission of Willie Hamilton a month after the note was given, that he had received full consideration, should have been submitted to the jury. And for the reason that exception is specially taken to the fact that the verdict was directed, the judgment refusing a new trial as to him must be reversed.

*Judgment, as to John Hamilton and M. F. Moody, affirmed; as to Willie Hamilton, reversed.*