### 1330.    ARNOLD *et al.* v. RAGAN.

Although it appears from the record that the verdict in the case was rendered under the direction of the court, the proposition that this action of the judge was unauthorized, because of the conflicting state of the evidence adduced at the trial, is not presented for review, where the only exception is to the overruling of a motion for a new trial, containing the general grounds and several special grounds, in none of which is this point presented. In such a case the court will pass upon the propositions presented by the motion for a new trial as if the verdict had been returned by the jury after they had been regularly charged as to the law of the case. The verdict in the case now before the court is not without evidence to support it; the exceptions to the rulings upon the admission of testimony are not in form; this court therefore affirms the judgment, without passing upon the question as

to whether the evidence was so free from material conflict as to authorize the judge to direct the verdict.

Complaint—appeal, from Floyd superior court—Judge Wright. June 24, 1908.

Argued November 10,—Decided November 25, 1908.

Ragan sued and recovered judgment against Arnold & Morrison; and to the overruling of a motion for a new trial the defendants bring error. The defendants were formerly partners in business. On July 8, 1903, they dissolved partnership, Morrison retiring and Arnold continuing in business. In September, 1903, they joined in executing a promissory note for $49.21 to Ragan, for a debt previously contracted by the partnership. In 1905 Arnold deeded his property to a trustee, reciting that he was indebted to a number of persons listed in the conveyance, in approximately the amount stated opposite the name of each person listed, and directed the trustee to sell the property and pay these debts named, if the creditors would accept the composition, otherwise to hold the proceeds to his credit. In this conveyance a debt to Ragan of $233.37 was listed; also a debt to Morrison of $500. Morrison agreed to release his debt entirely if the other creditors would accept the composition. Upon this paper the following agreement was endorsed: "We agree to the foregoing agreement so far as our debt to T. P. Arnold is concerned." This was signed by all the creditors, including Ragan. The trustee sold the property and sent to Ragan a check for his proportionate part of the sum realized, and he accepted it. Through this transaction both defendants claimed to be released. Ragan claimed that the sum of $233.37 named in the proposition of composition as being due him was the exact amount of an individual debt contracted by Arnold after the giving of the note, and that the note was not included in this sum. The plaintiff also produced evidence that after the composition both defendants promised to pay this note, though one of them, as a witness in the case, denied making the promise.

*Lipscomb, Willingham & Doyal,* for plaintiffs in error.

*Sharp & Sharp,* contra.

POWELL, J. (After stating the foregoing facts.)

It is recited in the record that the verdict was directed by the trial judge; however, the exception is to the overruling of a mo-

tion for a new trial, and only the grounds presented therein are under review. This motion contains the general grounds and several special grounds. In none of them is the point presented that the court erred in directing the verdict because the evidence was conflicting; and that proposition is, therefore, not before us for review. The case stands here just as if the court had charged the jury at length and the verdict was their regular finding. *Dickinson* v. *Stults*, 120 *Ga.* 632 (48 S. E. 173) ; *Rosenblatt* v. *State,.* 2 *Ga. App.* 650 (58 S. E. 1107). The reason for the rule is stated. in the *Dickinson* case, supra. Certainly, in this view of the case,. there is evidence enough to support the finding. Indeed, we incline to the view that the direction of the verdict was the only legal termination of the case, under the facts presented. There are certain exceptions to the testimony; but they are not in proper form, as they do not set out the substance of the testimony to which the objections relate. '          *Judgment affirmed.*