1876, 1877.  COLE *v.* ILLINOIS SEWING MACHINE CO., and
*vice versa.*

1. This court has no authority to decide whether the trial court erred
in directing a verdict, when there is no specific assignment of error, either
pendente lite, in the motion for a new trial, or in the bill of exceptions,
made upon such direction.

2. An order passed in term setting the hearing of a motion for a new trial
in vacation, in effect, keeps the term, relatively to that particular
case, open until the expiration of the day to which the hearing of the
motion has been adjourned; and until the expiration of that day (which
means a day of twenty-four hours) the court has entire control and
jurisdiction of the motion for a new trial, and in its discretion can
grant any order that it sees proper relating thereto.

3. As to at least a part of the recovery the verdict is contrary to the
evidence.

4. The power of this court to affirm judgments with direction should be
exercised only in furtherance of ends of justice; and it will not be exer-
cised where to leave the matter open seems likely to effectuate a fair
hearing of the parties upon the merits of the transaction.

5. An individual defendant can not, at law and in a city court, set up as a
defense, even as against a non-resident plaintiff, a set-off held by a part-
nership of which he is a member.  To allow such a defense would be to
grant affirmative equitable relief, such as can be given only in a
court of equity with all parties at interest before the court.

Complaint; from city court of Blakely—Judge Jordan.  April
2, 1909.

Argued June 24, 1909.—Decided January 21, 1910.

Rehearing denied February 10, 1910.

*J. R. Pottle,* for Cole.

*John P. Ross, Glessner & Park,* contra.

Hill, C. J.  The Illinois Sewing Machine Company sued Cole
as maker of certain promissory notes.  The defendant admitted
executing and delivering the notes to the plaintiff, and sought to
avoid payment, by pleading partial and total failure of considera-
tion.  At the conclusion of the evidence the court directed a ver-
dict for the plaintiff.  The defendant did not except pendente
lite, but subsequently filed a motion for a new trial, based alone
on the general statutory grounds.  The bill of exceptions to the
judgment overruling the motion for a new trial contains also an
exception to the direction of the verdict, but was filed too late to
reach this alleged error.  The court adjourned the hearing of the
motion for a new trial to a day in vacation, and on that day heard

the motion and overruled it. After the order overruling the motion for new trial had been announced, but before it had been entered on the minutes of the court, and during the day to which the hearing of the motion had been adjourned, the movant filed a motion to vacate the order, so as to give him an opportunity to file an amendment to the motion for new trial, specifically excepting to the direction of the verdict. The court refused to vacate the order overruling the motion for a new trial, and this refusal is assigned as error.

1. The learned counsel for the plaintiff in error insists that this court is authorized to consider the question of the right of the trial court to direct a verdict under the evidence, on the general grounds of the motion and without a specific assignment of error as to the direction of the verdict. This point is expressly ruled against him by the Supreme Court in *Dickenson* v. *Stults,* 120 *Ga.* 632 (48 S. E. 173), where it is held that "the Supreme Court has no authority to decide whether the trial court erred in directing a verdict, where there is no assignment of error made upon such direction." Similar decisions were made by this Court in *Arnold* v. *Ragan,* 5 *Ga. App.* 254 (62 S. E. 1052), and *Crooker* v. *Hamilton,* 3 *Ga. App.* 190 (59 S. E. 722). See also *Rosenblatt* v. *State,* 2 *Ga. App.* 650 (58 S. E. 1107).

2. The court refused to vacate the order overruling the motion for a new trial, holding that it was "without discretion in the matter, and had no power and jurisdiction to grant the motion." We do not concur in this opinion. We think the court did have the right, in its discretion, to vacate the order overruling the motion for a new trial at any time during the day to which the hearing of the motion had been adjourned. If the judgment overruling the motion for new trial had been rendered during the regular term, the question would not admit of doubt; for it is well settled that any judgment is within the control of the court during the term in which it was rendered. Now an order passed in term to hear a motion for a new trial in vacation keeps the term open, relatively to that case, until the motion shall have been decided (*Herz* v. *Frank,* 104 *Ga.* 636 (30 S. E. 797)); and in *Stone* v. *Taylor,* 63 *Ga.* 309, the Supreme Court uses the following language: "The order taken in term to hear the motion in vacation put the judge in full possession of the case at the time appointed, and continu-

ances from time to time were had, so that there was no gap or break. It was as if the first day had been lengthened, or all the sittings had taken place at different hours of the same day. Looking at the judge as a court pro hac vice, he could, for sufficient cause, grant further time to perfect and file the brief of evidence. He had exactly the same power in that respect as if he had been sitting in term." The court, therefore, did not lose jurisdiction of the case or of the motion for a new trial until the term to which the motion had been adjourned was ended.

Did the term end the moment the judge announced his decision on the motion for a new trial, or did it end at the end of the day to which the hearing of the motion for a new trial had been adjourned? There is some doubt as to the correct answer to these questions; but we think that where no intervening rights of parties have accrued between the mere announcement of the judgment on the motion and the request to vacate the order overruling the motion, the law would construe the day to which the court had been adjourned for this particular case as embracing and including the entire day; and until the end of that time the court, in its discretion, had the right to change or vacate any judgment rendered on the motion for a new trial. In judicial proceedings ordinarily the law takes no note of fractions of a day, but computes a day on which an act may be done as an entire day of twenty-four hours. Of course, there are exceptions to this rule, but we think this case falls under the general rule, and not within any exception. *Russell* v. *Carr*, 38 *Ga.* 462; *Rose* v. *State*, 107 *Ga.* 697 (33 S. E. 439). We therefore conclude that the time fixed by the order in term for hearing the motion for a new trial continued the term relatively to the case for the entire day of the hearing, no hour having been fixed in the order adjourning the hearing of the case; and that as to the motion for a new trial the court had jurisdiction until midnight of the day to which the hearing of the motion had been adjourned; and until that hour the motion and all orders thereon were within its control.

3. But even on the general grounds we conclude that a new trial should be granted. We think that the defendant made out a good defense as to the price of thirty-seven sewing-machines. He signed the notes sued on partly in renewal of certain notes previously existing between the partnership of which he was a member and the

plaintiffs, but he also included in the present notes the price of thirty-seven sewing-machines, which the plaintiffs represented to him at that time that his partner, who was absent in another State, had accepted, when, as a matter of fact, it appears that the partner had not accepted them. The verdict actually rendered is therefore contrary to the evidence.

4. The matter referred to in the preceding division of this opinion might be corrected by allowing the plaintiff to write off from his recovery a sum which we might estimate from the record, but in the light of the whole record we are not inclined to give this direction. It is our view that since this action is instituted in a court of law, the defendant can not obtain those equities against the plaintiffs to which his proof would seem to entitle him. The notes sued on, except as to the thirty-seven machines, were in renewal of notes signed by himself and a partner named Kenny, and the effect of the new notes was to release Kenny. It seems that if the plaintiff's theory of the case is to be accepted as true, then, at the time these notes were given, the partnership had a good right of action or of defense under the notes, on account of a breach of warranty; and this defense or right of action was unknown to both of the partners at the time the new notes were given, the facts upon which it was based not then having come to their information. Now it may be seen that the consideration of the notes sued on was the cancellation of the old notes and the release of Kenny, a consideration distinct from the consideration upon which the notes of Cole & Kenny were originally based; and as the right to hold the plaintiffs liable for the damage arising from the breach of that warranty under the original contract was a right existing in favor of Cole and Kenny jointly, and not in favor of Cole individually, we do not think it permissible for Cole to set up that breach of warranty in defense to the present action. But we have serious doubts that the giving of the new notes, under the circumstances, operated to destroy that right of action which existed in behalf of Cole and Kenny. If the defense had been known at the time the renewal notes were given, certainly as to Cole it would have been destroyed; but it is strenuously insisted by both Cole and Kenny that it was unknown. The Illinois Sewing Machine Company appears to be non-resident, and we think that this whole matter can be settled better by a court of equity than by a court of law, so we are in-

clined to leave the matter open, rather than to conclude it by entering a judgment of affirmance with directions.

5. As to the cross-bill: We think that so much of the fourth paragraph of the defendant's plea as set up a breach of the warranty made to Cole and Kenny should have been stricken, on the ground that it is not a matter subject to be pleaded by Cole alone .in this action at law; that the right to set up the refusal resulting from this breach of warranty existed in Cole and Kenny jointly,. and not in Cole alone; and to that extent the court should have sustained the demurrer to the defendant's plea.

*Judgment, on both bills of exceptions, reversed.*