### 11886. WILKINSON v. BRAY.

1. On the trial of a suit for damages on account of personal injuries resulting from a collision of two automobiles, when the plaintiff was riding in one of them as an invited guest of its driver, the court erred in rejecting evidence that the driver was not in the plaintiff's employ and not her agent, and that she had no control over the car. This is true because the negligence of the driver of a private vehicle is not imputable to a person riding in it as an invited guest, where that person had no right, or was under no duty, to control or influence the driver's conduct.

2. Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error.

3. The violation of a penal statute proximately causing an injury is negligence per se, and the court may so instruct the jury.

DECIDED JULY 12, 1921.

Action for damages; from city court of Valdosta — Judge Cranford. September 14, 1920.

*G. A. Whitaker, Dorsey, Shelton & Dorsey,* for plaintiff.

*E. K. Wilcox,* for defendant.

BLOODWORTH, J.  Mrs. J. M. Wilkinson brought suit against C. W. Bray for damages on account of personal injuries resulting from a collision of the defendant's automobile with an automobile driven by W. E. French, in which she was riding, the plaintiff alleging that the collision was caused by negligence of the defendant in various particulars. The defendant filed an answer denying liability, and alleging that " said collision and all of its consequences, if attributable to the fault of any one, was attributable to the fault and negligence of W. E. French, who was at the time in charge of and driving the automobile in which plaintiff was riding;" the answer containing specific allegations of negligence on the part of French. There was a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and she excepted.

1. On the trial of the case it was shown that at the time of

the collision the plaintiff was riding in the car of French as his guest. She offered evidence to show that French had no interest whatever in the mission on which she was going, that he was not her agent or in her employ, and that she had no control over the movements of his car. On objection that this evidence was irrelevant and immaterial, it was rejected. We think this was such an error as to require the grant of a new trial. Section 3475 of the Civil Code (1910) is in part as follows: " For the negligence of one person to be properly imputable to another, the one to whom it is imputed must stand in such a relation or privity to the negligent person as to create the relation of principal and agent." In *Roach* v. *W. & A. Railroad Co.,* 93 *Ga.* 785 (4) (21 S. E. 67), the Supreme Court held: " The negligence of the driver and owner of a private vehicle who, by such negligence, contributes to causing a collision with a locomotive, is not imputable to another person riding by invitation in the vehicle, unless that person had some right, or was under some duty, to control or influence the driver's conduct. Such right might arise by reason of the two being engaged at the time in a joint enterprise for their common benefit; and if this were not so, the duty might arise from obvious or known incompetency of the driver, resulting from drunkenness or other cause." In *Metropolitan Street Railroad Co.* v. *Powell,* 89 *Ga.* 601 (7) (16 S. E. 118), it was held: " If the plaintiff herself was free from negligence and her injury was due to the concurrent negligence of the railroad company and the person with whom she was riding in a wagon, he not being her servant and it not appearing that she was the owner of the horse or wagon or that she had any agency or concern in procuring or in driving the same, and nothing appearing which tends to show that she was aware of any incompetency in the driver, the company is liable to her for all the damages consequent upon the injury, and can take no credit as to any part thereof on account of the contributory negligence of the driver of the wagon." Chief Judge Hill, in *Adamson* v. *McEwen,* 12 *Ga. App.* 510 (77 S. E. 591), said: " Where a person riding with another as the latter's guest or companion is injured by the negligence of a third person. ' contributory negligence of the driver is not imputable to the injured person, unless the injured person was in a position to exercise authority or con-

trol over the driver, or failed to exercise such care as he could and should have exercised under the particular circumstances, to protect himself.' Colorado & Southern Ry. Co. *v.* Thomas, 33 Colo. 519 (81 Pac. 803, 70 L. R. A. 681, 3 Ann. Cas. 700). Under this principle, Boykin, who was simply the guest and companion of Adamson, could not be chargeable with the negligence of the driver who was running Adamson's automobile; for, being simply a guest, he had no control or authority over the driver. In the case of Dale *v.* Denver City Tramway Co., 173 Fed. 789 (97 C. C. A. 511, 19 Ann. Cas. 1223), it is held that the negligence of a chauffeur driving an automobile is not imputable to a person riding in the automobile but having no control over it. See, in this connection, the case of Little *v.* Hackett, 116 U. S. 366 (6 Sup. Ct. 391, 29 L. ed. 652). In the case of Clark *v.* Connecticut Co., 83 Conn. 219 (76 Atl. 523), it is said: 'A gratuituous passenger, in no matter what vehicle, is not expected, ordinarily, to give advice or direction as to its control and management.' We deduce from these authorities, as well as from the general principle on the subject, that where one is injured by the negligent conduct of the driver of an automobile, a person who is riding in the automobile simply as an invited guest, and who has no control or management of the machine or of the driver, and no interest in the automobile, can not be held liable for the negligent conduct of the chauffeur; that in riding in the automobile under these circumstances he is not engaged in a common or joint enterprise with the owner or the chauffeur; and the fact that the guest has agreed to pay the expenses of the party after they have arrived at their destination does not alter the legal conclusion to be drawn from the facts above stated." See also *Southern Ry. Co.* v. *King,* 128 *Ga.* 383 (57 S. E. 687, 11 L. R. A. (N. S.) 829, 119 Am. St. R. 390) ; *Seaboard Air-Line Ry.* v. *Barrow,* 18 *Ga. App.* 261 (5) (89 S. E. 383). The foregoing rulings clearly support the position we take that the court erred in rejecting the evidence referred to above.

2. This court is not called upon to consider the 8th ground of the motion for a new trial, because it can not be understood without reference to another ground of the motion. " Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference

to other grounds should not be required in order to understand the assignments of error." *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32).

3. Certain other grounds of the amendment to the motion for a new trial complain of errors in excerpts from the charge. The chief objection to these portions of the charge is that the court failed to instruct the jury that the "failure on the part of the defendant to observe the rules and requirements of the law referred to in said portion of the charge .(the law relative to the running and controlling of automobiles) constituted negligence per se." The 10th ground alleges error "because the court failed to submit to the jury at any time an appropriate charge on the doctrine of negligence per se, and failed to charge the jury with reference to the several allegations of negligence per se." As, under the ruling in the preceding portion of this opinion, a new trial is to be had with evidence different from that at the former trial, the judge who presides must adjust his charge to the case made, and, should the evidence show that the defendant had failed to comply with any portion of the law regulating the use of automobiles upon the streets and highways, and in so doing had violated a penal statute, he would of course. charge the jury that this act would be negligence per se. "The violation of a penal statute proximately causing an injury is negligence per se, and the court may so instruct the jury." *L. & N. Railroad Co.* v. *Hames,* 135 *Ga.* 67 (4) (68 S. E. 805).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*