### 13138. RHAMES *v.* STOKES, administrator.

The appraisers appointed by the ordinary to set apart a year's support for a widow should fully and accurately describe any land included in their return, and make a plat of it as a necessary part of the return, and the court hearing objections to the return because of a failure to comply with this statutory requirement can require them to amend their return in this respect. The application of the widow to have the year's support set apart should not be dismissed because of this defect in the return of the appraisers.
                 DECIDED MAY 23, 1922.

Appeal; from Miller superior court — Judge Worrill. October 24, 1921.

*W. I. Geer,* for plaintiff in error.

*N. L. Stapleton,* contra.

HILL, J. This was an application made to the court of ordinary by a widow, to have a year's support set apart for her from her husband's estate. Appraisers were appointed by the ordinary according to the statute, and a return of their acts as appraisers was only made by them to the court of ordinary. The administrator of the estate out of which the year's support was applied for filed, in the court of ordinary, written objections to the return of the appraisers, based upon two grounds: first, that the applicant had previously filed in that court an application for a year's support to be set apart to her out of her deceased husband's estate, and, after the appraisers had been duly appointed and had set aside to her a year's support in terms of the law, she withdrew

her application, and that the present application was filed without payment of the cost of the former proceeding; and, second, that the report of the appraisers does not describe with sufficient distinctness the land set apart, and that no plat of said land was attached to the report as required by the law. A demurrer was filed by the widow in which she contended that the first ground of the objections was not in correct form, and that the law requiring the payment of the costs as a condition precedent to the renewal of a suit was not applicable to this proceeding. The second objection was met by an offer to amend the return of the appraisers, by attaching to the return a description of the real estate set apart to the widow and a plat of the land so set apart, prepared by the widow. At this stage of the proceeding there was an appeal from the court of ordinary to the superior court. On the hearing of the objections to the application for a year's support the learned judge of the superior court made no ruling on the point that the cost of the first proceeding had to be paid as a condition precedent to the renewal of her application, but, as shown by the record, he did consider her application, and excluded the return of the appraisers, " on the ground that no plat of the land set apart in said report is attached as is required by law," and thereupon, on motion of the counsel for the objector, to wit, the administrator of the estate of the deceased husband, ordered a nonsuit; and this judgment of nonsuit is the only ruling to be reviewed by this court.

The judgment of the superior court excluding from the evidence the return of the appraisers, on the ground stated in the objection, must be sustained. Section 4043 of the Civil Code (1910), relating to the return of appraisers appointed to set aside a year's support, as amended by the act of 1918, approved August 19 (Ga. L. 1918, p. 122), specifically provides that a careful plat shall be made, where lands are set apart in such report, and recorded as a part of the appraisers' return. This amendment of 1918 makes it the duty of the appraisers, where any lands shall be included in the property set apart and assigned as a year's support, to describe those lands fully and accurately, and make a plat thereof, and they have it in their power to procure for this purpose the aid of the county surveyor, or another competent surveyor, who shall be required to make a careful plat of the land so set apart, which

plat shall be made and recorded as a part of the appraisers' return. The amendatory act clearly contemplates that this work shall be performed by the appraisers, and that no return shall be complete where land is set apart as a part of the year's support without this description and the plat. It is an essential part of the return of the appraisers. Indeed, there is no legal return where land is set apart without such description and plat. It was immaterial that the appraisers had made their return to the court of ordinary before the proceeding was removed by appeal to the superior court. When it was removed to the superior court that court had the same power of amendment of the return as the court of ordinary would have had if the case were still pending in that court. Clearly the court of ordinary would have had the power to require the appraisers to amend their return by attaching thereto a description of the land and the plat as provided by law. The return was made by them. They alone had the power to amend the return. The widow had no right to amend it, and the amendment offered and rejected, proposing to amend the returns by attaching thereto a description and a plat of the real estate set apart to her as a part of her year's support, could not be made a part of the return of the appraisers. The appraisers had not fully discharged their duty until they had made the return as provided by law, and the court had full power and authority to require them to amend their return in the particulars mentioned, before they could be discharged. Without the amendment which, under the statute, should have been made by the appraisers, there was no valid return setting apart a year's support. The judge of the superior court ought not have nonsuited the proceeding, but he should have required an amendment to make the return conform to the requirement of the statute. The application by a widow to have a year's support set aside to her out of her deceased husband's estate is not a suit, strictly speaking. Her right to a year's support out of her deceased husband's estate can not be defeated by any mere technical objection to the form of the application. It is the duty of the court to which the application is made to require the appraisers to perfect the return so as to meet the requirements of the statute in every respect. We therefore conclude that under the law the judgment of nonsuit was erroneous, and that the judge of the superior court should have required the appraisers to amend

their return so as to make it conform to the requirements of the statute. This is the only question ruled upon by the judge of the trial court.

The question as to payment of costs of the former proceeding before renewing the application for a year's support was not passed upon except inferentially. The judge of the superior court did, as a matter of fact, consider the proceedings without ruling on this question, so far as the record shows, and based his judgment of nonsuit solely on the ground that there was no compliance with the requirements of the law in reference to the description and a plat of the land which was set apart as a part of the year's support.

The decision of this court may not be technically correct, but the court is of the opinion that no mere techical rule should prevent a widow from having a year's support properly and legally set aside for her out of her husband's estate, and that the statute of this State, liberally construed to carry out the purposes of the law in behalf of the widow, requires that the court of ordinary, both in a ministerial and a judicial capacity, shall see to it that her rights are fully protected, and on appeal to the superior court the judge of the superior court is charged with the same duties. In the present proceeding the widow was entitled to have a year's support set apart to her. The appraisers had failed to do their duty in making a description and plat of the real estate which their return showed had been set apart by them as a part of the year's support. They had failed to make, as a part of their return, a definite and accurate description of the land set apart, with a plat of the land. This defect in the return could have been met by an amendment to the return. This amendment could be made only by the appraisers. The trial judge should have required that the return be amended in the particulars mentioned; which would have perfected the return and secured to the widow her rights under the statutes. To deprive her of this right by a judgment of nonsuit as to her application to have a year's support set aside to her was, we think, a violation certainly of the spirit and purpose of the law, whatever may have been the technical questions involved.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*