26656. WEBB *v.* STEPHENS.

Decided February 25, 1938.

J. P. Fowler, for plaintiff in error.

John F. Echols, H. S. Brooks, contra.

Guerry, J. 1. The Code, § 23-1111: "If after a county surveyor has made a survey for any person, who neglects to pay him, such surveyor upon making oath before the ordinary of his county of the performance of such service and its value, such ordinary shall issue a fi. fa. in the name of the ordinary, for the use of such surveyor, against such defaulter, who may defend himself therefor, in the same manner as persons against whom executions issue who detain county funds," taken in connection with § 92-3810: "If such execution shall issue for too much, or if defendant shall deny on oath owing any part thereof, he may, by filing an affidavit of illegality, according to the rules governing other illegalities, cause an issue to be formed thereon, which shall be tried by a jury at the first term of the superior court thereafter," provides a remedy for a county surveyor to collect his fees for official services rendered, and also a way for the defendant to test the correctness of the claim.

2. The execution issued by the ordinary in the present case appears to be in substantial compliance with Code, § 23-1111.

3. While neither the usual general grounds of a motion for new trial that the verdict (1) is contrary to the evidence and without evidence to support it, (2) is decidedly and strongly against the weight of evidence, (3) is contrary to law and the principles of justice and equity, nor an assignment of error on the direction of a verdict on such grounds will present for decision in this court the question whether or not the trial judge erred in directing a verdict under the Code, § 110-104, but in each instance will present only the question whether or not there was any evidence to

support the verdict (*Dickenson* v. *Stults*, 120 *Ga.* 632, 48 S. E. 173; *Moody* v. *Southern Railway Co.*, 14 *Ga. App.* 258, 80 S. E. 911; *Cole* v. *Illinois Sewing Machine Co.*, 7 *Ga. App.* 338, 66 S. E. 979), yet where in the motion for new trial error is specifically assigned on the direction of the verdict, as follows: "The court erred in directing a verdict in said case finding against the illegality and in entering up judgment in accordance with said verdict," this amounts to a sufficient assignment of error thereon and squarely presents the question "whether the evidence demanded the finding so directed." *Mullis* v. *McCook*, 185 *Ga.* 171 (194 S. E. 171); *Duggan* v. *Monk*, 5 *Ga. App.* 206 (62 S. E. 1017); *Crooker* v. *Hamilton*, 3 *Ga. App.* 190 (59 S. E. 722); *Sizemore* v. *Woolard*, 3 *Ga. App.* 261 (59 S. E. 833); *Arnold* v. *Ragan*, 5 *Ga. App.* 254 (62 S. E. 1052); *Walker County Fertilizer Co.* v. *Napier*, 184 *Ga.* 861 (193 S. E. 770).

4. The rule that a ground of a motion for new trial must be complete and understandable within itself is a rule of reason designed to save the appellate courts the undue burden of searching the record in order to understand the assignment and to determine whether such assignment of error requires the grant of a new trial. Where a motion for new trial is made and a brief of evidence duly filed, approved, and made a part thereof, and in an amended ground of the motion error is specially assigned on the direction of the verdict and it thus becomes necessary to read the *entire* brief of evidence to determine the question thus properly presented, it is apparent that the failure to incorporate in the amended ground the entire brief of evidence would work no additional burden on this court. Such an assignment does not require a *search* of the record but merely the reading of an entire portion thereof, to wit: the brief of evidence. The present case therefore presents an exception to the general rule. A contrary ruling would be plainly violative of Code, § 6-1307, and would needlessly encumber the record.

5. The evidence as to the performance of any service by the county surveyor for the benefit of the defendant was in sharp conflict. It therefore follows that the court erred in directing a verdict in favor of the plaintiff.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In this case, the judge directed a verdict against the illegality. Subsequently, the defendant in fi. fa. made a motion for new trial, which was overruled, and on that judgment error is assigned in the bill of exceptions. *The bill of exceptions does not contain any assignment of error on the direction of the verdict.* The only assignment of error on such direction is contained in a *special* ground of the motion for new trial as follows: "That the court erred in directing a verdict in said case finding against the illegality, and in entering up judgment in accordance with said verdict." Under the ruling in *Mullis* v. *McCook,* cited in the majority opinion (supra), in the instant case, the above-quoted assignment of error would have been sufficient to raise the question whether the evidence demanded the finding so directed, *if the assignment of error had been in the bill of exceptions.* Here, however, it was contained only in a *special* ground of the motion for new trial; and, under numerous and repeated rulings of the Supreme Court, a special ground of a motion for new trial *must be complete and understandable within itself,* and will not be considered by the reviewing court where the court, in order to ascertain whether the alleged error has been committed, must refer to the brief of the evidence or to some other part of the record. In the case at bar, this court can not intelligently pass upon the assignment of error (made solely in the special ground of the motion for new trial), without referring to the brief of the evidence. It follows that the special ground of the motion should not be considered by this court; and the only question for our determination is whether the court erred in overruling the general grounds of the motion; and, to that question, an answer in the negative should be returned. Moreover, the assignment of error on the direction of the verdict fails to allege there was an issue of fact which should have been submitted to the jury, fails to allege that the verdict directed was not demanded by the evidence, and fails to allege that a different verdict would have been authorized by the evidence. This being true, under almost countless decisions of the Supreme Court and the Court of Appeals, the assignment of error is insufficient to raise the question whether the directed verdict was demanded by the evidence. I think that the judgment should be affirmed.