35064.   ROBERTSON *v.* ROBERTSON, Administrator, *et al.*

DECIDED APRIL 22, 1954—REHEARING DENIED JULY 27, 1954.

*G. Seals Aiken, Ben F. Sweet,* for plaintiff in error.
*Carl T. Hudgins, Edward L. Savell,* contra.

QUILLIAN, J. ■ Joe James Robertson, in his capacities as temporary administrator and heir, and other individuals as heirs, contended in their caveats to the application for year's support that the plaintiff was not the widow of the deceased; that she voluntarily disclaimed any right to the estate after his death; that the appraisers had acted partially and had failed to take into consideration the solvency of the estate; that the applicant concealed certain assets and was withholding the same; that the applicant divorced the deceased in Alabama in 1943; that she is a trustee ex maleficio as to certain funds belonging to the caveator Glen Robertson; and that the amount claimed as year's support was excessive. By amendment the caveators pleaded the entire divorce proceeding between the applicant and William Hagan (whom she remarried after the intestate's death and before the trial of this case), under an Alabama decree of 1930, together with pertinent Alabama statutes, and alleged that the applicant had no capacity to enter into a marital relation with the intestate because the 1930 divorce was void for failure to comply with the pleaded statutes.

Demurrers to these caveats were filed on the grounds that they were insufficient in law and equity, failed to allege any legal reason why the year's support should be denied, and showed that the 1930 divorce was more than 20 years old, for which reason it was not subject to attack. Special demurrers were interposed to

most of the allegations of each caveat on the grounds that the same were irrelevant, immaterial, too vague and indefinite, or conclusions of the pleader.

As to the general demurrers, a demurrer which has been heard and overruled by the ordinary may be heard and sustained by the superior court. *Bowman* v. *Bowman,* 79 *Ga. App.* 240 (1) (53 S. E. 2d 244). The court of ordinary is a court of record, and pleadings therein must be in writing. Code § 24-2105. Whether or not a pleading in the court of ordinary, such as the application for year's support or caveats here, is sufficient to present a legal issue may be tested by objections thereto, and the judge of the superior court should decide the issue without regard to the previous judgment of the court of ordinary. *Hall* v. *First Nat. Bank of Atlanta,* 85 *Ga. App.* 498 (3) (69 S. E. 2d 679). The objections to the caveats in the nature of general demurrers here tested whether there was a legal issue presented by the caveats, and the demurrers were properly overruled since if, as alleged, the applicant had no capacity to enter into a marriage with the intestate, she was not entitled to a year's support.

The special demurrers were also properly overruled. Special demurrers are effective against defects in matters of form only, and do not go to matters of substance. *Butler* v. *McClure,* 177 *Ga.* 552 (2) (170 S. E. 678). In *Rhames* v. *Stokes,* 28 *Ga. App.* 598, 600 (112 S. E. 380), it was held: "The application by a widow to have a year's support set aside to her out of her deceased husband's estate is not a suit, strictly speaking. Her right to a year's support out of her deceased husband's estate cannot be defeated by any mere technical objection to the form of the application." We think the same rule as to merely technical objections should be applied to pleadings generally on appeal from the court of ordinary to the superior court. Further, error in rulings on special demurrer, in order to require reversal must be accompanied by injury. *Fidelity & Deposit Co. of Maryland* v. *Norwood,* 38 *Ga. App.* 534 (1b) (144 S. E. 387). In most cases the overruling of a special demurrer calling for more detailed information of the opposite party's position is hurtful even if the evidence upon the trial of the case fully discloses such information. This is true for the reason that the demurring party, if entitled to a fuller or clearer disclosure of

his adversary's position, would be enabled better to meet the issue if put on notice of such desired details in advance of the trial. But· in this case the applicant was put upon notice by the pleadings demurred to of all of the facts she was entitled to, and moreover, on account of the case having been previously tried in the ordinary's court, she had had the opportunity of learning all the facts essential to a thorough preparation of the case in their most minute aspects.

■ The first special ground of the amended motion for new trial complains that the court charged that the plaintiff, Minnie Lee Robertson Hagan, had the burden of proving by a preponderance of the evidence that she was the legal wife of the deceased. "On the trial of an application for a year's support in which the executors of the estate were the caveators, it was not error for the court to refuse to permit the executors to have the opening and conclusion, the burden of proof in such cases resting upon the applicant." 'Burch v. Harrell, 57 Ga. App. 514 (3) (196 S. E. 205). See also Wilson v. Allen, 108 Ga. 275 (1) (33 S. E. 975). This ground is without merit.

■ There was no error, as contended in special ground 6, in charging that "it is alleged that said Minnie Lee Hagan, alias Robertson, is now married to William H. Hagan, and has no legal claim to the estate of the deceased." In charging the contention, the word "alias" was properly used for the reason, if no other, that the applicant was so designated in the pleadings of the caveators without objection, and the court was here charging on the pleadings. In view of the charge as a whole, this excerpt could not have been harmful as subject to the construction that a marriage by the applicant subsequent to the intestate's death would alone invalidate her claim for year's support. This ground is without merit.

■ Special grounds 5, 7, 8, and 9 relate to very lengthy excerpts from the charge of the court on presumptions as to the validity of marriages, presumptions as between conflicting marriages, the elements necessary to constitute a valid common-law marriage, and the validity or invalidity of certain divorce decrees introduced in evidence. It is not contended that the charges were incorrect abstract principles of law, but that they were not adjusted to the issues, were misleading, prejudicial, and unsup-

ported by evidence. Error is also assigned in special ground 20 on the refusal of a request to charge as a matter of law that the 1943 divorce was void. The evidence in respect to the various marriages and divorces was substantially as follows: The applicant and William Hagan were, so far as appears from the record, legally married in 1928. On June 9, 1930, the applicant obtained a divorce from Hagan in Alabama. On June 9, 1933, she entered into a ceremonial marriage with the deceased. On December 11, 1943, she entered into a ceremonial marriage with Hagan, and on December 13, 1943, she obtained a final decree of divorce in Alabama from Robertson, after which she continued living with Hagan for some time and then went back to living with Robertson. In January, 1945, Robertson filed a suit for divorce against her, which was dismissed in August of the same year. During a part of the time between 1945 and 1949, when Robertson died, her name was carried in the Atlanta Telephone Directory as Hagan, and five days before Robertson's death she entered a hospital under the name of Hagan. In 1951, after Robertson's death, she entered into a third ceremonial marriage with Hagan.

It is the contention of the caveators that the 1930 divorce from Hagan was void because obtained by fraud, in that the applicant testified therein that she had been a resident of Alabama for more than a year before filing the action, and also that she did not know the whereabouts of Hagan, who was served by publication, and that both these facts were untrue. It is the contention of the applicant that this divorce was valid, but that the divorce she obtained in Alabama from Robertson in 1943 was void because she therein swore that she had been a resident of Alabama for more than a year before filing that action, which was not true, and was a fraud allegedly perpetrated by her upon the Alabama court at the instance and by direction of Robertson. Alabama statutes were pleaded and proved to the effect that, where the defendant in a divorce action is a nonresident of Alabama, the plaintiff must be a resident of such State for more than one year next prior to the filing of the action, and also to the effect that, if the defendant's residence is known to the plaintiff, it must be alleged so that proper service may be made. The applicant and witnesses for her swore that she had not been a resident of Alabama for a year preceding her filing of the divorce

action against Robertson, and was not a resident of that State at all.

(a) Where there is no personal service in a divorce action, the decree may be the subject of collateral attack on the ground of lack of jurisdiction and fraud in its procurement. *Marchman* v. *Marchman,* 198 *Ga.* 739 (32 S. E. 2d 790). And where a decree of divorce is not entitled to full faith and credit under constitutional provisions, one is not estopped to attack its validity because of having been a party to the fraud by which it was procured. *Christopher* v. *Christopher,* 198 *Ga.* 361 (31 S. E. 2d 818); *Bell* v. *Bell,* 206 *Ga.* 194 (56 S. E. 2d 289). However, a decree of divorce obtained in another State, together with the pleadings and evidence in such action, properly certified, is evidence and has probative value. Here the exemplification of the Alabama proceedings contains the testimony of this plaintiff and her daughter to the effect that the plaintiff had been a resident of the State of Alabama for more than a year prior to filing the action, that the defendant Robertson's residence was unknown, and that they had lived in Lee County, Alabama, where he had assaulted the plaintiff two months previously. Another witness upon the year's support trial was William Hagan, who admitted seeing the intestate, Robertson, in Alabama five months prior to that divorce action. On the year's support trial, the plaintiff testified that all the testimony of herself and her daughter in the Alabama divorce proceedings was false, and that she had obtained that divorce by perpetrating a fraud on a court without jurisdiction of the subject matter. These contradictory statements authorized the jury to disregard in its entirety her testimony on the year's support trial. Code § 38-1803. Having done so, they might have elected to give credit to the evidence of divorce in the form of the exemplified copy of the decree, and, if they did so, they would have been authorized to find valid the divorce decree between the applicant and the intestate in Alabama in 1943, the only positive evidence of its invalidity being the testimony of the plaintiff, whose testimony the jury was authorized to disbelieve.

(b) The charge that, "where there is more than one marriage, the law presumes the last marriage to be valid, and the burden is upon the one attacking it to overcome this presumption by

proving its invalidity. . . The presumption as to the validity of the second marriage can be negatived only by disproving every reasonable possibility; the invalidity of the marriage attacked must be shown by clear, distinct, positive, and satisfactory proof," was a correct instruction on the law. *Longstreet* v. *Longstreet*, 205 *Ga.* 255 (2) (53 S. E. 2d 480) ; *Reed* v. *Reed*, 202 *Ga.* 508 (1) (43 S. E. 2d 539) ; *Gearllach* v. *Odom*, 200 *Ga.* 350 (37 S. E. 2d 184). This charge was not error as misleading as having been given so as to refer only to a possible common-law marriage between the plaintiff and Hagan; the principle was charged in two places and obviously referred to the disputed marriages generally. In this case it would have been advantageous to the plaintiff to either have the 1943 Alabama divorce declared illegal or to have proved a later common-law marriage between herself and Robertson. Conversely, it would have been advantageous to the caveators to either have the 1930 Alabama divorce declared illegal or to have proved a later common-law marriage between the plaintiff and Hagan. The excerpts from the charges complained of were correct principles of law and so given as to apply to all these situations impartially, and were therefore fair to both parties.

(c) It was not error to charge that, "if, following the divorce decree of December 12, 1943, Mrs. Hagan and Mr. Hagan lived as husband and wife, then the fact that they continued to do so, if you find they continued to do so, while not validating the previous ceremonial marriage, that fact of the ceremonial marriage, with a continuance of cohabitation, if there was such, could result in a common-law marriage, which is recognized as a legal and valid marriage in the State of Georgia." *Smith* v. *Reed*, 145 *Ga.* 724 (1) (89 S. E. 815, L. R. A. 1917A 492). These grounds are without merit.

■ Reference in one special ground of an amended motion for a new trial to other special grounds or to the brief of evidence for facts necessary to understand the errors assigned is not permitted, and a ground not complete and understandable within itself will not be passed upon by this court. Code § 70-301; *Webb* v. *Stephens*, 57 *Ga. App.* 395, 396 (4) (195 S. E. 577) ; *Hall* v. *State*, 22 *Ga. App.* 112 (4) (95 S. E. 936) ; *Wilkinson* v. *Bray*, 27 *Ga. App.* 277 (2) (108 S. E. 133). Special grounds 10,

11, 16, 17, and 18 require reference, either to other grounds or to the brief of evidence, and are too incomplete for consideration.

■ Error is assigned in special grounds 12 and 14 on the refusal of the court to allow the plaintiff to testify that she was living with the intestate "as his wife" at the time he died, that they lived in the same room, and that after the separation they became reconciled and "lived together" again. The objection to the testimony offered was that it contravened the provisions of Code § 38-1603 (1), to the effect that where a suit is instituted or defended by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the deceased person as to transactions or communications with him. The ruling on the objections was that "she can testify as to what she did so long as it doesn't call for any testimony in respect to what he did; that is, what she did insofar as it may not be a transaction with the deceased." Following this ruling, the plaintiff testified that she and the deceased, together with certain of his children by a former marriage, lived together at 13 different named addresses, that at one other address he did not live because "I had left Mr. Robertson and went down there; I had left Mr. Robertson at that time"; and that in 1935 "Mr. Robertson came to live in the house again where I was living at 467 Memorial Drive. We lived there about two years. . . Just I and Mr. Robertson and Edna Ruth" (plaintiff's adopted minor child). Other witnesses whom the plaintiff identified as living at the same address or in the vicinity testified that the plaintiff and the intestate occupied the same bedroom and treated each other as husband and wife, and this testimony was not disputed in any way. The evidence therefore demanded a finding that, at the addresses where the plaintiff testified she and the deceased lived jointly, they occupied the same room and treated each other as husband and wife. This being so, it is not necessary to decide whether the court's application of the provisions of Code § 38-1603 (1) to this testimony was error, for in any event it was harmless to the plaintiff.

■ Special ground 15 assigns error on the plaintiff's testimony on cross-examination, as follows: "I did not get a divorce from Mr. Hagan subsequent to December, 1943. After I married Mr. Hagan on December 11, 1943, I lived with him as husband

584

and wife. The marriage was performed by a justice of the peace at Phenix City, Alabama." The only objection offered to this testimony was that it would be irrelevant unless it had first been established that the plaintiff had the capacity to enter into this marriage at the time it was performed. Aside from the fact that the testimony was elicited by cross-examination and was undoubtedly within the scope of the cross-examination on an issue relevant to the case, to test the memory and veracity of the witness—the objection is without foundation because, as pointed out in division 4 (c), although one of the parties might not have had the capacity to contract a marriage at the time it was solemnized, the marriage ceremony, together with cohabitation after the disability has been removed, is relevant to the issue of whether a common-law marriage existed between the parties. This ground is without merit.

■ Where a motion for new trial is made on the ground of newly discovered evidence, and the evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced. Code § 70-205. The witness upon whose testimony the plaintiff relies, in ground 19 of the amended motion seeking a new trial on the basis of newly discovered evidence, is a former wife of William Hagan, and her affidavit is to the effect that she had never divorced Hagan, and that therefore he had no capacity to enter into a marriage with the plaintiff. A wide discretion is vested in the trial court on the grant or refusal of a new trial on this ground; and where, as here, the ground is incomplete and fails to comply with the requirements of Code § 70-205, in that it fails to name the associates of the witness upon whose testimony the new trial is sought, and fails to show her residence, it cannot be said that the trial judge abused his discretion in refusing to grant a new trial on this ground. *Russaw* v. *State*, 200 *Ga.* 666 (1) (38 S. E. 2d 414); *Ridley* v. *State*, 208 *Ga.* 629 (68 S. E. 2d 565); *Grier* v. *State*, 196 *Ga.* 515 (26 S. E. 2d 889).

The trial court did not err in overruling the demurrers to the caveats, and in denying the motion for new trial as amended.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*