## CITIZENS' TRUST & SAVINGS BANK v. FALLIGAN.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1925. Rehearing Denied April 6, 1925.)

No. 4377.

1. Trial ⬅=419—Motion for nonsuit not waived where movant introduces no evidence.

Motion by a defendant for nonsuit at the close of plaintiff's case is not waived by failure to move for directed verdict at the close of all the evidence, where such defendant introduced no evidence.

2. Banks and banking ⬅=111—Cashier cannot bind bank by representations as to standing or solvency of third persons.

In the absence of evidence that he is authorized to do so, the cashier of a bank has no authority by virtue of his position to make any representations on behalf of the bank as to the standing or solvency of a third person.

3. Banks and banking ⬅=228—Evidence held insufficient to charge bank with liability for fraudulent acts of cashier.

Evidence *held* insufficient as matter of law to charge a bank with liability for fraudulent acts of its cashier in aiding swindlers to defraud plaintiff.

4 F.(2d)—31

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action at law by William F. Falligan against the Citizens' Trust & Savings Bank and another. Judgment for plaintiff, and the Bank brings error. Reversed, and remanded for new trial.

Oscar Lawler, James E. Degnan, Wm. J. Hunsaker, E. W. Britt, and T. B. Cosgrove, all of Los Angeles, Cal., for plaintiff in error.

James E. Fenton, James W. Bell, and W. I. Gilbert, all of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error, hereinafter called the bank, brings error to review the judgment obtained against it by the defendant in error for the sum of $10,000 with interest thereon from September 29, 1921, and costs. The action was brought against the bank and Otis B. Berry, its cashier. The complaint alleged that the plaintiff was defrauded of $20,000 by certain persons alleged to be swindlers, and that said Berry, in his capacity as cashier and manager of the branch bank of the plaintiff in error, of Hollywood, and while acting within the scope of his employment, fraudulently, corruptly, and feloniously aided and abetted the said swindlers to commit the said felony and deprive the plaintiff of his said money. The money of which the defendant in error was defrauded was represented by two $10,000 checks. The jury returned a verdict against Berry for the full amount of $20,000, and against the bank for the sum of $10,000.

[1] The bank assigns error to the denial of its motion for a nonsuit, made at the close of the plaintiff's testimony. The ground of the motion was that there was no evidence to show that the bank participated in or was party to the fraud. The defendant in error contends that the bank waived its motion by its failure to request a peremptory instruction in its favor at the close of all the testimony. After the denial of the bank's motion, Berry testified in his own behalf; but the bank offered no further testimony and stood upon its motion. The defendant in error cites cases holding that a motion for nonsuit is waived, where not renewed in a case where testimony is thereafter taken by the party so moving. In Co-

lumbia Railroad Co. v. Hawthorne, 144 U. S. 202, 12 S. Ct. 591, 36 L. Ed. 405, it was held that the refusal to direct a verdict for the defendant at the close of the plaintiff's evidence, when the defendant has not rested his case, cannot be assigned as error. It is true that the defendant bank in the present case at no time formally announced that it rested, but that circumstance is deemed of no importance. The controlling fact is that it did not waive its motion. Kinnear Mfg. Co. v. Carlisle, 152 F. 933, 82 C. C. A. 81.

The question, therefore, is properly before us whether or not there was evidence to go to the jury on the question of the bank's complicity in the fraud which was practiced upon the plaintiff. There can be no question whatever but that Berry was a party to the fraud and actively participated therein. But there was no evidence, and the court so instructed the jury, that the bank had knowledge of Berry's dishonesty, or by the exercise of care and diligence could have known it. There was evidence tending to show that Berry's dealings with the defendant in error and the other victims of the frauds amounted in substance to representations concerning the standing of the said swindlers which were calculated to justify the belief that Hathaway and his associates were reputable and trustworthy persons. But there is no evidence that such representations were made by the authority of the bank, or in the transaction of the bank's business. On the contrary, the evidence indicates that Berry at all times was carrying out an independent purpose of his own; that he was not serving the bank, but was serving himself and his associates.

[2] In the absence of evidence that he is authorized to do so, the cashier of a bank has no authority, by virtue of his position as such, to make any representations on behalf of the bank as to the standing or solvency of a third person. 1 Michie, Banks and Banking, 778; 7 C. J. 787; 3 R. C. L. 446. In Horrigan v. First Nat. Bank, 9 Baxt. (Tenn.) 137, the court said: "Answering questions as to the solvency of parties is no part of the business of a cashier of a bank, nor fairly included within the scope of such business. It may be and probably is an accident of such a position, but not an incident to it." And the court held that no liability attaches to the bank in such a case. In First Nat. Bank v. Marshall & Ilsley Bank, 83 F. 725, 28 C. C. A. 42, it was held that a cashier of a bank does not act as a representative of his bank in answering an inquiry addressed to him by another bank as to the business standing of a third per-

son, and that his bank is not bound by statements so made by him; the same being made out of courtesy and without consideration. To the same effect are Taylor v. Commercial Bank, 174 N. Y. 181, 66 N. E. 726, 62 L. R. A. 783, 95 Am. St. Rep. 564; Crawford v. Boston Store Mercantile Co., 67 Mo. App. 39; Mapes v. Second Nat. Bank of Titusville, 80 Pa. 163.

[3] The only other evidence relied upon to establish the liability of the bank is that which concerns the cashing of a certain check. The defendant in error had two $10,000 checks, one of them bearing date February 3, 1920, payable to his order, and signed by one Rutherford, who was then the cashier of the main bank of the plaintiff in error. One of the swindlers, at that time going by the name of Hathaway, requested the defendant in error to indorse and deliver to him that check, and informed him that he could get it cashed for him. The defendant in error replied that it would be impossible to get the check cashed without his presence. Hathaway assured him to the contrary, whereupon the defendant in error indorsed and delivered the check to Hathaway. Hathaway took the check to Berry at the Hollywood branch bank and returned with the money. Berry required no identification of the payee or of his signature, nor did he require Hathaway to indorse the check.

The method by which the check was cashed was contrary to the rules of the bank, and it furnishes evidence of Berry's fraud, and his participation with the other swindlers; but we are unable to see how it can be said to attach liability to the bank. The bank received no benefit from the transaction and it never ratified the same. The check on which the money was paid came into its possession bearing no insignia of irregularity in the manner by which it came. The money which Hathaway obtained upon the check was taken by him, and in the presence of the defendant in error and with his consent was delivered to another of the swindlers, and was lost. The situation of the defendant in error, so far as his relation to the bank was concerned, was the same that it would have been, had he gone in person to the bank and received the money upon the surrender of his check in the ordinary course of business.

The evidence was wholly insufficient to establish a cause of action against the bank, and the motion for nonsuit should have been allowed. The judgment against the bank is reversed, and the cause is remanded for a new trial.