## CITIZENS' TRUST & SAVINGS BANK v. HERR.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1925. Rehearing Denied April 6, 1925.)

No. 4378.

Banks and banking ⬅111—False representations by cashier held not binding on the bank.

False representations made by the cashier of a bank as to the character and standing of a third person *held* not binding on the bank, in the absence of evidence that it knew, or should have known in the exercise of due care, of the dishonesty of the cashier.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action at law by John F. Herr against the Citizens' Trust & Savings Bank and another. Judgment for plaintiff, and the Bank brings error. Reversed, and remanded for new trial.

Oscar Lawler, James E. Degnan, Wm. J. Hunsaker, E. W. Britt, and T. B. Cosgrove, all of Los Angeles, Cal., for plaintiff in error.

W. I. Gilbert, James W. Bell, and James E. Fenton, all of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. In a cause of action similar to that of Citizens' Trust & Savings Bank v. Falligan, 4 F.(2d) 481, just decided by this court, and consolidated with that case for trial in the court below, the defendant in error sought to recover from the bank a judgment for $17,120, the value of certain bonds and securities of which the swindlers who were involved in the Falligan Case fraudulently deprived him. The law points involved in the present case are similar to those which were discussed in the Falligan Case. There was the same motion for nonsuit at the close of the evidence for the plaintiff, and there was absence of waiver of that motion.

The facts in the present case are that the defendant in error surrendered to the swindlers his bonds and stocks. Thereafter the greater portion thereof, consisting of Liberty bonds and stock to the value of $13,500, disappeared from view, and were not further traced in the evidence. There was no evidence whatever connecting the bank or Berry, its cashier, with those bonds or stocks at any time. Some three weeks after the defendant in error had lost those bonds and stocks, he met Berry. At that time he had attempted by notice to the Pennsylvania Railway Company to prevent the transfer of other property, consisting of 60 shares of stock in the company, which he had surrendered to the swindlers. In consequence of Berry's representations to him, he withdrew his order prohibiting the transfer; Berry assuring him that he had known and had recommended the man then going by the name of Johnson, who was the principal operator among the swindlers.

Berry's representations concerning Johnson are, on the principles discussed in the Falligan Case, insufficient to render the bank liable. The complaint contained no allegation that the bank conspired with the swindlers. Liability of the bank was sought to be predicated upon the allegation of its knowledge of Berry's dishonesty, but the court charged, as in the Falligan Case, that there was no evidence to support such charge, or to show that the bank might by due care or diligence have ascertained Berry's dishonesty. No exception was taken to that instruction. There was also an allegation that Berry's acts were done in the discharge of his duty to the bank, but there is no evidence of any act of Berry's other than his advice to withdraw the prohibition against the transfer of the railway stock and his recommendation of Johnson.

The judgment is reversed, and the cause is remanded for a new trial.